SIMMONS HARDWARE COMPANY, PLAINTIFF IN ERROR, V. JOHN T. BROKAW, DEFENDANT IN ERROR.

**Mortgage:** RIGHTS OF SENIOR AND JUNIOR MORTGAGEES. A senior mortgagee recovered a judgment on his note in an action at law, and attached a sufficient amount of personal property to satisfy his debt, which property was afterwards taken from him in action of replevin, not being the property of the judgment debtor. No execution was issued on the judgment. In an action by a junior mortgagee to foreclose a mortgage in which the senior mortgagee was made defendant: *Held.* 1. That the provisions of the statute requiring the return of an execution unsatisfied, before proceedings in foreclosure could be maintained, were for the benefit of the debtor. 2 That unless a lien was acquired upon another fund by virtue of the judgment, the mere failure of the senior mortgagee to cause an execution to be issued on his judgment will not divest him of his lien on the mortgaged premises.

ERROR to the district court for Adams county. Tried below before GASLIN, J. The case is stated in the opinion.

*Ash & Scofield,* for plaintiff in error.

1. The defendant, John T. Brokaw, waived his mortgage security by bringing action on the promissory note secured by said mortgage, obtaining judgment thereon and failing to have an execution issued on the same, and returned unsatisfied in whole or in part, and showing that said defendant has no property whereof to satisfy such execution, except the mortgaged premises. Gen. Statutes, Neb., page 656, Sec. 851. 1 Washburn on Real Property, 586. *Cooper v. Bresler,* 9 Mich., 534. *Dennis v. Hemmingway,* Wal. Mich. Chancery, 386.

2. The defendant brought suit upon the promissory note secured by his said mortgage, obtained an order of attachment in said case, levied upon a sufficient amount

of personal property to pay the mortgage, debt and the judgment record of the county court, in which said suit was brought, fails to show what disposition was made of said attached property. These facts are in law a payment of said defendant's claim. *Farmers & Mechanics Bank v. Kingsbury*, 2 Doug. Mich. Reports, 379. *Ford v. Skinner*, 4 Ohio, 378. *Corning v. Hoover*, 4 McLean, 133. *Smith v. Hughes*, 24 Ill., 270. *Tronary v. Cheever*, 48 Ill., 28. *Cass v. Littleton*, 3 Ohio, 223. *Green v. Burke*, 23 Wend., 28.

2. The seizure of Jacob T. Lansing's personal property by attachment in said suit, in which defendant, John T. Brokaw, commenced in said county court, on his said promissory note, secured by said mortgage, created a lien upon said personal property for more than the amount of said defendant's claim, which could only be destroyed by a dissolution of the attachment. Gen. Statutes, Neb., page 559, Sec. 212. Drake on Attachments, Sec. 224. *Franklin Bank v. Batchelder*, 23 Maine, 60. *Davenport v. Tilton*, 10 Met., 320. *Kittredge v. Warren*, 14 New Hamp., 509. *Kittredge v. Emerson*, 17 New Hamp., 227. *Baffun v. Seavers*, 16 New Hamp., 160. *Wells v. Brander*, 10 Smeeds & Marshall, 348. *Downer v. Brackett*, 21 Vermont, 599. *Houghton v. Gastus*, 5 Iowa, 505.

*Mason & Whedon* (with whom were *A. H. Bowen* and *James H. Laird*), for defendant in error.

The record in this case shows there was not, and never has been, any actual payment or satisfaction of the mortgage debt due Brokaw, and nothing short of actual payment or satisfaction will satisfy a mortgage. *Hollister v. Dillon*, 4 Ohio State, 199. *Wells v. Wilson*, 3 Ohio, 426. *Patterson v. Johnston*, 7 Ohio, 225. *Pomeroy v. Rich*, 16 Pick., 22. 3 Allen, 520. 11 American Law

Register, 576. It is true Brokaw commenced suit, and attached property, but the record shows the attached property was taken from the sheriff by replevin at the suit of J. T. Holmes, and that the property so attached was found to be the property of Holmes, and nothing was realized on the debt. If without fault of the plaintiff the levy on personal property becomes unavailing, it is not a satisfaction of the judgment. *Cass v. Bainter*, 3 Ohio, 223. *Ford v. Skinner*, 4 Ohio, 378.

MAXWELL, CH. J.

On the twenty-fifth day of August, 1874, Jacob T. Lansing and wife executed and delivered to the plaintiff in error a mortgage upon lot eight, in block twenty-six, in the town of Hastings, to secure the payment of the sum of $1,216.95, which mortgage was filed for record at *eleven* o'clock A.M. of said day. On the same day Lansing and wife executed and delivered to Paren England a mortgage on the same premises, to secure the payment of a promissory note for the sum of $350, which mortgage was filed for record at *ten* o'clock A.M. of the day upon which it was executed.

On the twenty-ninth day of April, 1875, England assigned his note and mortgage to the defendant in error.

On the second day of December, 1875, the defendant in error commenced an action at law on the note, and attached a sufficient amount of personal property to satisfy his claim. This property so attached, was afterwards taken by one J. T. Holmes by a writ of replevin, and on the trial of the cause, the right of property and right of possession of said property were found to be in said Holmes. Judgment was rendered on the note in question in favor of the defendant in error, but no part of the same has been paid.

In May, 1876, the plaintiff in error commenced an ac-

tion to foreclose the mortgage first above referred to in the district court of Adams county, and Lansing and wife and Brokaw were made defendants. The plaintiff in its petition alleges that "said defendant, Jacob T. Lansing, is insolvent and not able to pay the difference between the value of said mortgaged property and the debt secured by the same." This allegation is not denied in the answer. On the trial of the cause a decree was rendered in favor of the defendant for the amount of his note and mortgage, and also that his lien was prior to that of the plaintiff. The plaintiff brings the cause to this court by petition in error.

Section 851 of the code provides that: "If it appear that any judgment has been obtained in a suit at law for the money demanded by such petition, or any part thereof, no proceeding shall be had in such case, unless to an execution against the property of the defendant in said judgment, the sheriff or other proper officer shall have returned that the execution is unsatisfied in whole or in part, and that the defendant has no property whereof to satisfy such execution except the mortgaged premises."

In *Gregory v. Hartley*, 6 Neb., 362, this court say: "If an action has been commenced on the note, the petition must show either that the action has not proceeded to judgment; or, if a judgment has been obtained, then, that an execution against the property of the defendant (other than the mortgaged premises) has been returned unsatisfied in whole or in part, and the plaintiff's remedy is exhausted." We adhere to the decision in that case as a correct exposition of the law. In the case at bar, however, the contest is entirely between lien-holders. The prior mortgagee files a petition to foreclose its mortgage, making the senior mortgagee a defendant, and alleging that the maker of the notes is insolvent, and that the senior mortgagee has obtained

a judgment at law on his note, and upon that ground alone seeks to divest him of his lien.

In *Rudolf v. McDonald*, 6 Neb., 166, this court say: "The grounds upon which subsequent attaching creditors may interfere as against a former, even before judgment, are very few indeed." The same rule applies in this case. The statute was made for the protection of the debtor. If it had been alleged in the petition, and proved on the trial, that the defendant in error had a lien by virtue of his judgment on another fund for the same debt, on which the junior mortgagee had no claim, the defendant in error would be required to exhaust such fund before proceeding to subject the mortgaged property to the payment of his claim; but nothing of the kind is claimed. The failure of the defendant in error to issue an execution on his judgment did not divest him of his lien, and the plaintiff in error, in its petition, by alleging the insolvency of the debtor, shows that nothing could have been collected even if an execution had been issued. The judgment of the district court is clearly right and must be affirmed.

JUDGMENT AFFIRMED.