MONTPELIER SAVINGS BANK AND TRUST COMPANY, APPEL-
LEE V. FAY C. FOLLETT ET AL., APPELLANTS.

FILED APRIL 9, 1903.   No. 12,711.

1. **Judgment:** FORECLOSURE: PETITION.  To entitle a mortgagee, who
has taken a judgment, to foreclose, it is only necessary that the
judgment and a return of execution as required by section 851,
Code of Civil Procedure, be set out.  It is not necessary in the
petition to state the nonexistence of other proceedings to en-
force the judgment.

2. **Transcript of Judgment Filed in Another County:** REQUIREMENT
OF CODE.  Where a judgment has been transcripted to another
county, issuance and return of execution, there will be a sufficient
compliance with the requirements of section 851 of the Code of
Civil Procedure, unless it affirmatively appears that the defend-
ant did not reside there.

3. **Oral Agreement of Mortgagee to Accept Deed:** STATUTE OF FRAUDS.
An oral agreement between the owner of the fee and a mortgagee
of real estate that the latter shall accept a deed from the former
of the property in full satisfaction of the indebtedness secured by
the mortgage, is within the statute of frauds, and, in the absence
of facts to take it out of the statute, is not enforceable.

APPEAL from the district court for Adams county:  ED.
L. ADAMS, DISTRICT JUDGE.  *Affirmed.*

*Addison S. Tibbets, George W. Tibbets* and *Charles F.
Morey,* for appellants.

*William Gaslin, contra.*

HASTINGS, C.

Appellants in this case, against whom a decree of fore-
closure was rendered, set up four reasons why that decree
should be reversed and one entered requiring the plain-
tiff and appellee to accept a deed of the mortgaged premises
in full satisfaction of the mortgage debt:

First.  That the petition makes an insufficient allega-
tion as to a prior suit at law on which judgment was ren-
dered for the debt secured by this mortgage, and execution

issued and returned unsatisfied, in that the allegations fail to negative other proceedings to enforce that judgment.

The allegations in this behalf of the petition are that the plaintiff commenced an action in the district court of Douglas county February 1, 1900, against the grantee of the mortgaged premises, who had assumed the note, Fay C. Follett, and recovered judgment March 5, 1900, for $2,-202.50 and $14.98 costs; that the transcript was taken to Adams county and execution issued there, and delivered to the sheriff and returned wholly unsatisfied; that plaintiff has been unable to find any property to satisfy his judgment, and has been compelled to resort to the foreclosure; that nothing has been collected, and the full amount of the mortgage note, coupon and interest is due; that the mortgaged premises have been conveyed to one Anna R. Brockell. There is no allegation that the defendant Follett resides in Adams county.

It is claimed by the appellee that the presumption that courts and officers act in good faith applies to the proceedings on this judgment. We do not exactly see the application. It is not a question of good faith in any one besides the plaintiff in transferring the proceedings to Adams county, and endeavoring there to collect the judgment.

It is objected there is no authority shown to issue execution in Adams county, and that the return of the sheriff in Adams county that he can find no property is not the return required by section 851 of the Code of Civil Procedure. The requirement of section 850 is simply that the petition shall state whether proceedings have been had at law for the recovery of the debt or any part thereof, and whether anything has been collected and paid. The allegations of the petition are sufficient in this respect; they show a judgment for the whole amount of the debt, and that nothing has been collected and paid.

With regard to the return of the execution, it is true that it is not in the precise words of the statute, in that it omits the clause "except the mortgaged premises." The

31

allegations in the petition, however, are that the mortgaged premises had been transferred to the defendant Brockell, who does not appear to be in any other way holden for the payment of the debt. The mortgaged premises, therefore, could not properly be referred to in the return of the officer as being the property of the defendant Follett. The evidence discloses, and it is not denied, that in fact the defendant Follett lives in Adams county. Neither section 850 nor 851 seems to require any other or different allegations than are made in this petition, and we think it should be held to be sufficient.

The answer, after asserting the insufficiency of the petition, admits the execution of the extension agreement and interest coupon for the one year's extension, and in its third paragraph alleges that on or about the 22d of September, 1898, plaintiff agreed to accept a conveyance of the mortgaged premises, and in consideration thereof to release the trust deed; that a deed was tendered and plaintiff refused to accept it, basing its refusal on the ground that defendant had removed from the premises a hot-air furnace; that the furnace was a temporary fixture, placed upon the premises long after the execution of the mortgage and removable without injury to the premises; that defendants left the premises in accordance with the arrangement, and were put to much loss and damage in such removal and the renting of other property; that they have always been ready and willing to carry out the agreement, but plaintiff refuses to do so. In the fourth paragraph it is alleged that Blanche Follett is the wife of F. C. Follett; that she signed the extension agreement as surety for her husband, without any intention to bind her separate estate. Defendants ask for a decree denying the relief of plaintiff, and directing it to execute and discharge the mortgage indebtedness and accept a deed to the premises.

Plaintiff's reply denies the agreement for settlement; denies the allegations of coverture, suretyship and lack of intention to bind her separate estate on the part of Blanche Follett; and alleges that the matters set up in this second

part of the answer were not sufficient to constitute a defense.

The court found in favor of the defendant, Blanche Follett, and no appeal has been taken by plaintiff. It is not necessary, therefore, to discuss the allegations of the petition with regard to her.

It remains to consider whether or not the agreement to release the mortgage debt in consideration of a conveyance of the land is sufficiently pleaded and sufficiently shown. Appellee urges, in the first place, that it is not sufficiently pleaded; that the mortgage interest held by the plaintiff was an interest in land and could not be surrendered or affected except by an agreement in writing, and none such is alleged.

It is also urged that the agreement was simply an arrangement for the payment of a debt, and would constitute no consideration in any event for a promise to discharge the debt. We are entirely unable to see how the transaction can be so considered. It is an agreement, not for the payment of a debt, but to do something else instead of paying it, namely, to surrender possession of real estate against which the owner of the debt has only a lien in consideration of the discharge of the indebtedness. The contract would seem to be a valid and enforceable one if it had been in writing, but we do not think that the plaintiff could be compelled to surrender the interest in the real estate which it before had, or to accept of another or different one except upon part performance, unless upon a contract valid and binding under the statute of frauds. Such a contract does not seem to be shown by the evidence, and is certainly not alleged in the answer. It is not thought that the court committed any error in finding against the defense of this alleged settlement agreement.

We have experienced more difficulty with the question as to whether, in the absence of any allegation of defendant's residence in Adams county, the sheriff of that county was "the sheriff or other proper officer," who must, under section 851, return the execution, before a mortgage fore-

closure would lie. Inasmuch, however, as the residence of the defendant would certainly be a fact well known to himself, it would seem that the plaintiff would hardly be required to allege it, even though it be held that such residence in Adams county would be necessary to make the return of the sheriff of that county of any effect.

It is recommended that the decree of the district court be affirmed.

KIRKPATRICK and LOBINGIER, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.