FEDERAL FARM MORTGAGE CORPORATION, APPELLEE, V. RALPH E. ADAMS ET AL., APPELLANTS.

5 N. W. (2d) 384

FILED AUGUST 14, 1942. No. 31405.

*Ralph E. Adams*, for appellants.

*Butler, James & McCarl, Franklin L. Pierce* and *Philip M. Wellman, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and YEAGER, JJ., and ELLIS, District Judge.

EBERLY, J.

This is an appeal from a final order of the district court for Furnas county finding generally in favor of plaintiff and decreeing the foreclosure of a real estate mortgage and the sale of the premises therein described to satisfy the amount adjudged due thereon, and finding against the defendants Ralph E. Adams et al. It appears without dispute that on and prior to the 11th day of October, 1934, the fee simple title of the premises here in litigation was vested in George W. Space alone. Elizabeth M. Space was then, and thereafter remained, his wife. So far as the record discloses, she possessed no interest in the premises referred to save and except what was acquired by her by reason of her marital relations with George W. Space. On or about October 11, 1934, George W. Space and Elizabeth M. Space, made and delivered to the Land Bank Commissioner their promissory note in writing payable to him, in the sum of $6,000. On the same day the parties last named, to secure the payment of such obligation, executed and delivered to the Land Bank

Commissioner their mortgage deed containing the usual and customary conditions, which was on the 19th day of October, 1934, duly recorded in the office of the county clerk of Furnas county as required by law, and thereby mortgaged to the Land Bank Commissioner the property described in such mortgage deed. The money evidenced by the foregoing obligation was duly paid over to and received by George W. Space, who personally executed the "Remittance Statement" as "borrower," and acknowledged the "receipt of the proceeds of the loan as set forth therein." Certain bankruptcy proceedings were entered into by George W. Space, which are not of importance in the present proceeding. He and his wife, Elizabeth M. Space, conveyed the mortgaged premises here in suit to Ralph E. Adams by warranty deed executed October 2, 1939, and duly recorded in Furnas county on October 7, 1939. George W. Space departed this life on February 23, 1941, and neither he nor his wife is a party to this appeal.

The default in the payments stipulated for in the note and mortgage and the breach of the mortgage conditions is not denied by the defendants.

It is alleged in the petition filed in this cause that upon the default in the terms and conditions of the mortgage by George W. Space, plaintiff elected to and did declare the whole of the balance of the principal of such indebtedness represented by such note and mortgage to be due and payable as of December 27, 1938, and instituted an action on such note against George W. Space in the district court for Kearney county, Nebraska. Due service of summons was had upon such defendant, and upon appearance duly made by such defendant, a judgment was duly and regularly entered in favor of the plaintiff and against such George W. Space in the sum of $6,621.70, with interest at 6 per cent. per annum from the 5th day of February, 1940. The petition further alleges that on the 27th day of December, 1940, execution in due form was duly issued out of the district court for Kearney county, Nebraska, "and on the same day the sheriff of Kearney county, Nebraska, made his return

on said writ of execution showing that after diligent search he was unable to find goods or chattels, lands or tenements of the said George W. Space in Kearney county, Nebraska, on which to levy, and said sheriff returned said writ to the court wholly unsatisfied."

In the discussion of appellants' contentions it must be remembered that appellant Adams is not the debtor or mortgagor in any sense of the word. He acquired title to the mortgaged premises without assuming the mortgage indebtedness, and prior to the entry of judgment in appellee's action against the maker of the note involved in these proceedings. He appears throughout this litigation as attorney at law representing Space, and is thereby chargeable with notice of all proceedings had.

Taking up appellants' contentions in reverse order, we are wholly unable to agree with their statement that because of the terms of section 20-2145, Comp. St. 1929, "the bringing of an action on the note alone and the obtaining of a judgment (at law) thereon, is a waiver of right to foreclose," and "is bar to foreclosure." Such are not the words, nor the legal effect, of the statute cited in support of this proposition, nor do the interpretations thereof made by this court furnish any support for appellants' contention. At most, the existence of this judgment at law operates in favor of the judgment debtor as a temporary suspension of the right to contemporaneously maintain an equitable action to enforce the mortgage securing the same, until the prescribed execution has been issued and duly returned by the officer receiving the same as unsatisfied, in whole or in part, and that the defendant has no property whereof to satisfy such execution, etc. Compliance with these statutory terms operates as a termination of the suspension as to the mortgage debtor.

" 'Statutes should be so construed as to give effect to the intention of the legislature, and if a statute is plain and unambiguous, there is no room for construction or interpretation.' *Shellenberger v. Ransom,* 41 Neb. 631, 59 N. W. 935." *Federal Farm Mtg. Corporation v. Thiele,* 137 Neb. 626,

290 N. W. 471. See, also, *Zug v. Forgan,* 3 Neb. (Unof.) 149, 90 N. W. 1129; *Montpelier Savings Bank & Trust Co. v. Follett,* 68 Neb. 416, 94 N. W. 635.

But we are not here concerned with a mortgage debtor, but one who is a total stranger to the original consideration upon which the transaction rests, and who is plainly in no manner bound for the repayment thereof.

In the early case of *Simmons Hardware Co. v. Brokaw,* 7 Neb. 405, Maxwell, C. J., in the delivery of the opinion by this court, employs the following language: "In the case at bar, however, the contest is entirely between lien-holders. The prior mortgagee files a petition to foreclose its mortgage, making the senior mortgagee a defendant, and alleging that the maker of the notes is insolvent, and that the senior mortgagee has obtained a judgment at law on his note, and upon that ground alone seeks to divest him of his lien. * * * The failure of the defendant in error to issue an execution on his judgment did not divest him of his lien, and the plaintiff in error, in its petition, by alleging insolvency of the debtor, shows that nothing could have been collected even if an execution had been issued."

In the *Brokaw* case this court sustained a judgment of foreclosure and sale in favor of this senior mortgagee who had not had an execution issued and returned on his judgment in the mortgage suit.

The case of *Chaffee v. Sehestedt,* 4 Neb. (Unof.) 740, 96 N. W. 161, was a suit in equity to foreclose a mechanic's lien. Mortgagors and mortgagee were made parties thereto. The mortgagee by cross-petition set up its mortgage and asked for a foreclosure thereof which was granted by the terms of the decree entered. The lien-holders appealed and challenged the mortgagee's recovery because no evidence was introduced on part of mortgagee to show that no action at law had been commenced to recover the mortgage debt. The mortgagors did not challenge the recovery. In this case the doctrine was reiterated, "that the provisions requiring the return of an execution unsatisfied before proceedings to foreclosure could be maintained were enacted for the benefit

of the debtor," and in effect decided that under the facts in that case the mortgagors only could complain, and the decree of foreclosure and sale entered was affirmed.

Likewise, in *Quesner v. Novotny*, 116 Neb. 84, 215 N. W. 796, this court speaking through Day, J., said: "It will be observed that these several provisions of the statute (Comp. St. 1929, secs. 20-2144, 20-2145) are for the protection of the debtor and to prevent the probability of two judgments being rendered against him for the same debt. In none of these provisions, however, is the mortgage security released. In one of them, where a judgment has been obtained, it is necessary that the judgment creditor exhaust his legal remedy by execution before proceeding to foreclose the mortgage." See, also, *Montpelier Savings Bank & Trust Co. v. Follett,* 68 Neb. 416, 94 N. W. 635.

It may be said that the return of the officer showing a substantial compliance with sections 20-2144 and 20-2145, Comp. St. 1929, is in evidence and is not disputed.

A consideration of the authorities cited, in view of the facts shown by the record, disclosing that the full protection of the rights of the mortgagor as covered by section 20-2145, Comp. St. 1929, has been substantially accorded, it follows that the decree of foreclosure and sale entered in this case is not subject to challenge by appellants because of alleged failure of the appellee to comply with the sections of the statute discussed.

"To entitle a mortgagee, who has taken a judgment, to foreclose, it is only necessary that the judgment and a return of execution as required by section 851, Code of Civil Procedure, be set out. It is not necessary in the petition to state the nonexistence of other proceedings to enforce the judgment." *Montpelier Savings Bank & Trust Co. v. Follett, supra.* See, also, *Zug v. Forgan,* 3 Neb. (Unof.) 149, 90 N. W. 1129.

Nor can we accept appellants' contention that the suit upon the mortgage note against George W. Space alone, and entry of judgment at law thereon, operated to release the makers of the mortgage note and to satisfy or release the

real estate mortgage securing the same. While it is true that the language employed in the mortgage note embraced the following: "For value received I promise to pay to the order of the Land Commissioner," etc., which was signed by "George W. Space and Elizabeth M. Space," they are not thereby constituted "joint makers" thereof, as appellants contend.

Section 62-117, Comp. St. 1929, provides: " * * * Seventh. Where an instrument containing the words, 'I promise to pay' is signed by two or more persons, they are deemed to be jointly and severally liable thereon."

The rule applicable to this class of negotiable paper is: "If the obligation be joint and several, the plaintiff may treat the contract as joint and join all of the obligors, or he may treat it as a several obligation and bring his action against each separately, even though their interest be joint." 11 Standard Ency. of Procedure, 979. See, also, cases cited in notes 98 and 99, 11 Standard Ency. of Procedure, 979, 980.

In view of the facts relating to this transaction disclosed by the record, including the ownership of the legal title by George W. Space, the receipt of the entire proceeds of the mortgage loan by him, the marital relations of the parties, and the entire absence of any evidence tending to prove an intent on the part of Elizabeth M. Space to charge her separate estate with the payment of the mortgage indebtedness, whether she could, in view of the entire situation, be considered as a joint maker of the note in suit, Query.

At all events, we are satisfied that the judgment and decree of foreclosure entered by the district court in this case are supported by proper proof, and such judgment is affirmed.

AFFIRMED.