ESTELLA C. MOOK, APPELLEE, v. CITY OF LINCOLN, NEBRASKA, APPELLANT.

21 N. W. 2d 743

FILED FEBRUARY 8, 1946. No. 31986.

*Max Kier* and *A. A. Whitworth,* for appellant.

*Frederick J. Patz,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

Plaintiff is the widow of a member of the Lincoln paid fire department. She brought suit to recover pension benefits provided by statute. Issues were joined and trial had to a jury. At the close of all the evidence, defendant moved for a directed verdict. Its motion was overruled. Plaintiff then moved for a directed verdict. Her motion was sustained. Judgment was entered for plaintiff. Defendant appeals. We affirm the judgment of the trial court.

The only evidence offered by defendant was a part of plaintiff's pleading in the district court in an action brought by her to secure benefits under the Workmen's Compensation Act. The evidence here reviewed is accordingly that presented by plaintiff.

Plaintiff's husband, hereinafter called Mr. Mook, was on duty at the fire house on February 18, 1941, when about 7:00 p. m. or shortly thereafter a fire alarm came. Mr. Mook slid down the pole from an upstairs room to the floor where the fire equipment was located. He started the engine by cranking by hand. It required considerable effort. He then took his place on the truck and rode to the fire which was in a two-story dwelling. There he pulled the hose to the scene of the fire, attached the nozzle, climbed a ladder to the roof of the lean-to, and directed water on the building. A window was broken out to enable the firemen to get water on the fire. He was there subjected to gas and smoke. Mr. Mook climbed to the roof of the main portion of the house in order to direct water on the flames, and also tore shingles from the roof. While fighting the fire there he exclaimed, "Oh, God," fell from the roof, where he was, to the roof of a one-story portion of the house. He was unconscious when they reached him. The fire was then under control. He was taken down to the ground and into the

house, where a doctor was called; artificial respiration was used to no avail; and he died within an hour.

On February 20, 1941, an autopsy was had. It was found that Mr. Mook had a diseased heart. His death is described as being caused by angina pectoris. Two expert witnesses testified that his heart ability was limited by the disease and that the activities in which he engaged prior to his death contributed to and were instrumental in producing the attack of angina pectoris which caused his death.

The question presented is the sufficiency of this evidence to sustain a recovery.

The statute involved is: "In case of the death of any fireman in a paid fire department in any city of the metropolitan, or first class, while in the line of duty, or death is caused by or is the result of injuries received while in the line of duty, then the same rate of pension as herein provided for in the next preceding section shall be paid to the widow or minor children of such deceased fireman, as provided in such section." Sec. 2440, Comp. St. 1922.

Plaintiff's contention is that she is entitled to recover on either of two propositions: First, that death occurred "while in the line of duty," and second, that death was caused by or was the result of injuries received while in the line of duty.

Defendant's contention is that for plaintiff to recover she must prove not only that death was in the line of duty, but also that death was the result of the duty and not merely coincident with it.

We recently had occasion to construe the several provisions of the pension statute in Wessel v. City of Lincoln, 145 Neb. 357, 16 N. W. 2d 476. We there quoted from In re Estate of Robinson, 138 Neb. 101, 292 N. W. 48, the following: " ' * * * where the words of a statute are plain, direct and unambiguous, no interpretation is needed to ascertain their meaning * * * .' " In the absence of anything to indicate the contrary, words must be given their ordinary meaning. It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative

language. Neither is it within the province of a court to read plain, direct, and unambiguous language out of a statute. If possible, the entire statute is to be applied as written. We think this statute meets the test of being plain, direct, and unambiguous.

It provides: "In case of the death of any fireman * * * while in the line of duty," or where "death is caused by or is the result of injuries received while in the line of duty," then the pension provided in the act is to be paid. The disjunctive particle "or" is used. Plaintiff argues, and we think properly, that it is used to indicate an alternative. The alternatives are clear. The pension is to be paid if death occurs while in the line of duty. Likewise, if death is caused by or is the result of injuries received while in the line of duty, then the pension is to be paid. Obviously the second alternative is broad enough, as plaintiff argues, to cover cases where injuries are received while in the line of duty causing death subsequent thereto. The legislative condition that it must be shown that death is caused by or is the result of injuries received while in line of duty is found only in the second alternative provision. It is not a part of the first provision. To construe the statute as defendant would have us do would be to read the conditions of the second alternative provision into the first, or to read the first alternative provision out of the act. We are not permitted to do either.

Plaintiff was entitled to recover when she had proved that the death of Mr. Mook occurred while in the line of duty. Her proof met that test.

The judgment of the district court is affirmed.

AFFIRMED.