CAROL LEA HEPPE ET AL., APPELLANTS, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS AND IRRIGATION, ET AL., APPELLEES, VERN SHAW, INTERVENER-APPELLANT.
76 N. W. 2d 255

Filed April 13, 1956. No. 33863.

*Richard S. Wiles* and *Holtorf & Hansen,* for appellants.

*Clarence S. Beck,* Attorney General, *Harold S. Salter, Willard F. McGriff,* and *Neighbors & Danielson,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an injunction action brought in the district court for Scotts Bluff County by Carol Lea Heppe and W. Charles Heppe, wife and husband, Christ Welsh, and Carol Lea Heppe, guardian of Peter Jensen Heppe and William Jensen Heppe, minors, as plaintiffs, against the State of Nebraska, Department of Roads and Irrigation, hereinafter referred to as the department, appraisers appointed by the county judge of Scotts Bluff County to appraise the land to be taken by condemnation instituted by the department, the City of Gering, and the Gering Irrigation District, defendants. Christ Welsh is a tenant and has no interest in this proceeding. The purpose of the action was to restrain and enjoin the department from proceeding with the condemnation action filed in the county court of Scotts Bluff County by the department for the purpose of securing a right-of-way across the plaintiffs' land and constructing a ditch thereon; to procure a mandatory injunction to require the department to remove certain culverts placed by it under State Highway No. 86 in such a manner as to divert the natural flow of surface water gathering on the plaintiffs' land by concentrating and compelling such water to flow through the culverts onto the plaintiffs' land; and to procure a permanent injunction against the defendants from interfering in any manner with the drainage of surface water through the ditches and channels along State Highway No. 86.

One Vern Shaw, by permission of the court, intervened, claiming an easement by prescription across a part of the plaintiffs' land which provided access to land owned by him, joined with the plaintiffs taking the action as he found it, and prayed for a permanent injunction in the same manner as the prayer of the plaintiffs' petition.

The trial court found generally in favor of the defendants, and each of them, and against the plaintiffs and intervener; that the department was entitled to

proceed with its condemnation action in order to secure right-of-way for the construction of a ditch across the land of the plaintiffs; that the temporary injunction granted to the plaintiffs and against the defendants, and each of them, should be dissolved; that the prayer of the plaintiffs' petition and the petition of the intervener for a permanent injunction should be denied; and that the prayer of plaintiffs for a mandatory injunction for the removal of certain culverts described in their petition should be denied. Judgment was entered in accordance with the findings. The plaintiffs and the intervener filed a motion for new trial. Upon the overruling of their motion for new trial, they appealed.

We might state at this point that the city of Gering and the Gering Irrigation District demurred to the plaintiffs' petition on the ground that the petition failed to allege sufficient facts to constitute a cause of action against them. These demurrers were sustained by the trial court. Later, by appropriate motion in this court, the appeal as to these defendants was dismissed, therefore they are not parties to this appeal and any matter concerning them or their rights, if any, is not for determination in this appeal. In addition, any right the intervener may have with reference to establishing an easement across the land of the plaintiffs as involved in this case is a matter that relates itself to condemnation proceedings. Suffice it is to say he has an adequate remedy at law.

Some contention is made that the department failed to comply with sections 76-702 and 76-704, R. S. Supp., 1953, with reference to making a valid attempt to agree with the plaintiffs, the owners of the land, as condemnees, or with the intervener with respect to the acquisition of the property sought by the department. This matter is not for determination in this appeal.

The condemnation proceedings here involved were commenced in the county court of Scotts Bluff County

by the department. The procedure in the county court contemplates an informal hearing by the appraisers, a view of the lands, no record of the testimony, and a report of damages assessed to be filed subject only to the right of appeal, not to confirmation by the appointing court. It is obvious that the plaintiffs and the intervener could only raise the proposition heretofore contended for by them on appeal to the district court in the condemnation proceedings. See Higgins v. Loup River Public Power Dist., 157 Neb. 652, 61 N. W. 2d 213.

"It is the duty of this court in an equity case to try the issues de novo and to reach an independent decision without being influenced by the findings of the trial court except if the evidence is in irreconcilable conflict this court may consider that the trial court saw the witnesses, observed their manner of testifying, and accepted one version of the facts rather than the opposite." Keim v. Downing, 157 Neb. 481, 59 N. W. 2d 602.

There is no doubt but that an action in injunction is proper to raise the matters contended for by the plaintiffs. As was said in Consumers Public Power Dist. v. Eldred, 146 Neb. 926, 22 N. W. 2d 188: "This court as well as the courts of other jurisdictions is committed to the rule that injunction is a proper action in which to present the question of unlawful or improper exercise of the power of eminent domain. Drummond v. City of Columbus, 136 Neb. 87, 285 N. W. 109; May v. City of Kearney, 145 Neb. 475, 17 N. W. 2d 448."

We summarize the following facts to disclose what the department proposed to condemn and the purpose for which the condemnation proceedings were instituted.

The plaintiffs own Lots 3 and 4 and the south half of the northwest quarter of Section 3, Township 21 North, Range 55 West of the 6th P. M., in Scotts Bluff County, which consists of 80 acres of land lying north of State Highway No. 86. State Highway No. 86 runs generally

east and west along the south edge of the Heppe land. The Heppe land is rather flat from the west to the east, and the natural surface drainage is toward the east. South of the highway the drainage course is to the east and northeast. The highway slopes slightly east toward the city of Gering. There are ditches along the north and south sides of the highway. The ditch on the north side would carry part of the drainage from the land north of the highway and the ditch on the south side would carry part of the drainage from the land south. There is not much drainage of surface water from the west in either ditch. North of the Heppe land and the highway is a canyon. Vern Shaw, the intervener, owns a small farm on the south edge of the canyon, east of the Heppe land, and north of the Johannes land which is east of the Heppe land. Approximately one-half mile east of the Heppe land the Gering Irrigation District maintains a canal which runs generally north and south and crosses the highway at that point. For many years surface water has run down the north and south ditches along the highway. Some of this water emptied into the Gering irrigation canal, and a part of it went over the bridge, across the canal, and toward the east.

It should be stated at this time that a previous condemnation proceeding was filed by the department with respect to the Heppe land for the purpose of condemning small strips of such land to enable the department to widen and improve the highway. We are not here concerned with that condemnation proceeding. The condemnation proceeding here involved is to condemn a strip of land 50 feet in width for a distance of about 800 feet and then 60 feet in width for the remaining distance of the ditch to be constructed. The ditch would be about 1,600 feet in length and would be across the east part of the Heppe land at a right angle to the highway. The purpose of the ditch is to carry surface water in the ditch and pour or dump it into the canyon

which is also on the land of the plaintiffs and the intervener.

The project engineer testified that he made the survey for the ditch. The ditch would run just west of the center line of the section on the Heppe land. He described the length and width as above stated, and testified that the bottom of the ditch would be 10 feet across and the depth 3 feet. The low point of the Heppe land would be at about the center of the ditch. The west side of the ditch from the highway north to the canyon would be higher than the surface of the ground next to it. There were to be pipes put through the dike, and the surface water draining off the Heppe land would come through such pipes with some considerable force. It is apparent from the record that the surface water would run where it was wont to flow with the exception that there would be some diversion permitting the pouring of some water into the canyon.

We deem it unnecessary to further summarize the evidence in view of the principal proposition to be determined in this appeal. Before stating this proposition, we deem it advisable to set forth certain well-established rules of law concerning the right of eminent domain.

The right to exercise the power of eminent domain must be conferred by statute, either in express words or by necessary implication. Such power being in derogation of common right, the acts conferring it are to be strictly construed in favor of the landowner. See, Higgins v. Loup River Public Power Dist., *supra;* Webber v. City of Scottsbluff, 155 Neb. 48, 50 N. W. 2d 533; 29 C. J. S., Eminent Domain, § 22, p. 806; 18 Am. Jur., Eminent Domain, § 26, p. 650.

The power of eminent domain is an inherent attribute of sovereignty and it exists independently of constitution. Constitutional provisions relating thereto are in no sense a grant but are a limitation upon the power. The power of eminent domain is exercisable through the Legislature or through some department or agency

by authority of the Legislature. See Consumers Public Power Dist. v. Eldred, *supra.*

There is no question in the instant case but that the Legislature had the right and did delegate the power to the department to do certain things.

Where words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain their meaning, and the court cannot read a meaning into statutes that is not warranted by the legislative language. Neither is it within the province of a court to read plain, direct, and unambiguous language out of a statute. See, Mook v. City of Lincoln, 146 Neb. 779, 21 N. W. 2d 743; Federal Farm Mortgage Corp. v. Adams, 142 Neb. 202, 5 N. W. 2d 384; Franzen v. Blakley, 155 Neb. 621, 52 N. W. 2d 833.

Bearing in mind the foregoing, we now proceed to set forth the section of the statute directly involved in this appeal to determine the power delegated to the department by the Legislature. This statute is section 39-603, R. S. Supp., 1953, and reads as follows: "Any public highway or portion of a public highway, designated by law as a state highway, may be relocated, altered, or widened, channels or watercourses on or contiguous to a state highway may be straightened, and road materials therefor may be acquired as contemplated in section 39-619 when, in the opinion of the Department of Roads and Irrigation, the same is necessary for the public convenience and safety or for economy in the construction of state highways. For such purposes power is hereby conferred upon the department to enter upon any land for the purpose of examining and surveying the same, including soil investigations where necessary, determination of drainage data in contemplation of the establishment of the exact location to be used either for the highway itself, for channel changes, watercourses, or other operations incident to highway construction or reconstruction, and to take, hold, and acquire by negotiations or by eminent domain

so much real estate as may be necessary and convenient; Provided, that the department shall pay to the landowner for all damages incurred by landowner as a result of such examination or survey and upon the failure of the landowner and the department to agree upon the amount of damages, if any, the landowner may file a petition as provided for in section 76-705. The procedure to condemn property shall be exercised in the manner set forth in sections 76-704 to 76-724."

The above-quoted statute contains all the power delegated to the department by the Legislature. The statute is not ambiguous, but is clear and unequivocal as to such power. It provides that a highway may be relocated, altered, or widened, channels or watercourses on or contiguous to a state highway may be straightened, and road materials therefor may be acquired when it is necessary for the public convenience and safety or for economy in construction. By constructing the drainage ditch in question, it is apparent that the department is not attempting to relocate, alter, or widen State Highway No. 86, and the construction of this ditch bears no relation or connection to the widening, altering, or relocating of any highway. A different situation would probably develop in the event the drainage ditch was parallel to the state highway, but in the instant case the proposed drainage ditch will run at a right angle to the highway. There is no watercourse involved in the instant case, and no watercourse on the plaintiffs' land. In attempting to construct the proposed drainage ditch at a right angle to the highway and north on the plaintiffs' land, the department was not straightening any watercourse or channel. From a reading of the statute, it seems clear that the power of eminent domain is limited to the widening, relocating, or altering of a state highway, or to straightening a channel or watercourse contiguous to a state highway.

We are unable to find in the statute any express power delegated to the department, nor does the statute

by clear implication indicate any such power on the part of the department, to construct the drainage ditch in the manner contemplated by the department in the condemnation proceedings. The statute is clear and unambiguous as to the power granted to the department and cannot be enlarged by implication to contain the power sought by the department in the condemnation proceedings.

We find that the permanent injunction should have been granted by the trial court, and it is our conclusion that we should, and we do, grant a permanent injunction without prejudice on the part of the department to commence proceedings in accordance with section 39-1320, R. S. Supp., 1955, if it so desires.

With reference to granting a mandatory injunction to compel the removal of the culverts placed on State Highway No. 86 by the department, we find that under the circumstances presented by the record a mandatory injunction should not be granted in this case.

We reverse the judgment and remand the cause with directions to the trial court to enter judgment in conformity with this opinon.

REVERSED AND REMANDED WITH DIRECTIONS.