A. GOBLE, APPELLANT, V. M. V. BRENNEMAN ET AL.,
APPELLEES.

FILED DECEMBER 20, 1905. No. 14,030.

1. **Homestead: LIENS.** Where a mortgage lien exists upon a tract of land claimed as a homestead, and the mortgage debt is paid by the proceeds arising from a loan secured by a new mortgage on the same land, the interest of the claimant being at all times less than $2,000 in value, and the homestead is sold to a third person while thus incumbered, the transcript of a judgment filed while the first mortgage was in force does not become a lien upon the premises. *France v. Hohnbaum*, 73 Neb. 70, 74, followed.

2. **Process: RETURN: IMPEACHMENT.** The return of an officer as to service of process may be impeached by extrinsic evidence.

APPEAL from the district court for Adams county: ED L. ADAMS, JUDGE. *Affirmed.*

*J. W. James,* for appellant.

*John M. Ragan, contra.*

LETTON, C.

Two judgments were rendered in justice's court in Adams county, in January, 1896, against M. V. Brenneman and Ida Brenneman, his wife, transcripts of which were at once filed in the office of the clerk of the district court for that county for the purpose of procuring a lien upon the real estate of the defendants. Executions were issued soon after the rendition of the judgments and filing of the transcripts and returned *nulla bona*. The defendants occupied certain real estate as a homestead, which was of the value of $3,100, and was incumbered by a mortgage to the Eastern Banking Company in the sum of $1,400. On the first day of April, 1899, the Brennemans borrowed from the Nebraska Loan and Trust Company the sum of $1,550 for the purpose of paying the debt to the Eastern Banking Company, which was done, and the first mortgage released on the 10th of April, 1899.

On the same day the property was sold to the defendant, Mike Flessner, who has ever since occupied the same as his homestead. On April 23, 1899, executions were again issued upon the judgments and were levied upon the real estate. This action was then begun by the judgment creditor for the purpose of declaring the judgments to be a lien upon the real estate, subject only to a homestead right of $2,000 in value. The answer sets up that the premises were the homestead of the Brennemans and of less value than $2,000 at the time of the sale to Flessner, and consequently were and are exempt. Mrs. Brenneman further alleges that the real estate was her own separate property and homestead until she sold the same to Flessner. She denies that she ever executed the notes sued upon, avers that no summons was ever served upon her in the actions on the notes, and denies that she was ever indebted to plaintiff, or that he has or ever had a judgment against her. By way of cross-petition, she alleges the same facts and asks that the cloud created by the transcripts upon her real estate be removed. The court found that the judgments are not liens upon the real estate, and are void as to the defendant Ida Brenneman.

1. Upon the question of the homestead character of the real estate, and whether or not the judgments are liens upon the same, this case is governed by the case of *France v. Hohnbaum*, 73 Neb. 70, 74. Under the doctrine of this case, the property was exempt.

2. As to the defense of Ida Brenneman against the judgments, Brenneman testifies that her name was written upon the notes by him when she was not present, and without authorization. He also testifies that the summonses for his wife in the two cases were served upon him by John Patterson, the constable; that at that time he was in the country near his house, and his wife was in Hastings; that the constable gave both summonses to him and told him to give them to his wife; that he did not give them to her, nor tell her anything about it, and that his wife knew

nothing about his having given the notes, or the suit having been brought. Mrs. Brenneman testified that she never signed the notes, never saw either summons and never knew of the suit before the justice. The deposition of the constable is in the record. He testifies that he left the summonses for Mrs. Brenneman with her husband, who said he would give them to her, as she was not at home; that he did not see Mrs. Brenneman nor leave a copy for her at her place of residence, and never gave her any copies of the summonses at any time or place. The return on the summonses is to the effect that he made service "by delivering to each of said defendants a certified copy of this summons, and of the indorsements thereon, at their residence." The justice's docket shows that at the trial the defendant M. V. Brenneman was present, but that Ida Brenneman made default. The evidence is clear that Mrs. Brenneman never signed the notes, was never served with a copy of a summons and had no notice or knowledge of the actions. It is the rule in this state that the return of an officer as to service of process may be impeached by extrinsic evidence. *Walker v. Lutz*, 14 Neb. 274; *Wilson v. Shipman*, 34 Neb. 573; *Campbell Printing Press & Mfg. Co. v. Marder Luse & Co.*, 50 Neb. 283.

The evidence in this case is strong enough to do so successfully, and the judgment of the district court should be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons given in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.