UNITED STATES v. STACEY et al.

(District Court, S. D. Alabama. August 5, 1907.)

HOMESTEAD—EXEMPTION—JUDGMENTS IN FAVOR OF UNITED STATES.

A homestead exemption given by the laws of a state may be asserted against a judgment in favor of the United States in a civil cause, and also, by virtue of Rev. St. § 1041 [U. S. Comp. St. 1901, p. 724], which provides that judgments for a fine or penalty may be enforced by execution "in like manner as judgments in civil cases are enforced," against a judgment

imposing a fine, even though under the state decisions the exemption does not extend to executions on judgments for torts or for fines imposed under the criminal laws of the state.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Homestead, § 162.]

On Claims for Homestead Exemption.

Wm. H. Armbrecht, for contestant.

Stevens & Lyons, McIntosh & Rich, and R. P. Roach, for defendants.

TOULMIN, District Judge. These are claims of exemption of homesteads levied on under executions issued on judgments in forfeited bail bond cases and in causes in which judgment or sentence was rendered imposing the payment of fines.

The statute of Alabama provides that the homestead of every resident of this state, not exceeding in value $2,000 and in area 160 acres, shall be exempt from levy and sale under execution or other process for the collection of debts contracted, etc. Code Ala. 1896, § 2033. The Supreme Court of Alabama has decided that the exemption does not extend to judgments and executions in actions of tort and for fines imposed under the criminal laws of the state. But the Supreme Court of the United States, in the case of Fink v. O'Neil, 106 U. S. 272, 1 Sup. Ct. 325, 27 L. Ed. 196, said:

"Nothing can be more clear than this, as a recognition by Congress that in case of executions upon judgments in civil actions the United States are subject to the same exemptions as apply to private persons by the law of the state in which property levied on is found, and that by this provision [referring to section 1042, Rev. St. U. S.] in favor of poor convicts it was intended, even in cases of sentences for fines for criminal offenses against the laws of the United States, that the execution against property for its collection should be subjected to the same exemptions as in civil cases."

The court also refers to section 5296, Rev. St. U. S. [U. S. Comp. St. 1901, p. 3608], as sustaining this conclusion. Section 5296 is found under title "Remission of Fines." I think this section clearly indicates that Congress intended that a poor convict, in taking the oath prescribed in section 1042, should be discharged from all further liability under the sentence imposing the payment of a fine; in other words, that the fine is thereby remitted. Moreover, section 1041, Rev. St. U. S. [U. S. Comp. St. 1901, p. 724], provides that the judgment for the payment of a fine may be enforced by execution against the property of the defendant in like manner as judgments in civil cases are enforced. If a judgment in a civil case may not be enforced by execution against the exempt property of the defendant, it follows that a judgment for the payment of a fine may not be enforced against such property. Whatever may have been the ruling of the Supreme Court of Alabama on the subject, the legislation of the Congress, as construed by the Supreme Court of the United States, thereon, is the authority which is to control this court. In Clark v. Allen (D. C.) 114 Fed. 374, it is held that the exemption of a homestead may be asserted against a fine due to the United States government. See, also, same case (D. C.) 117 Fed. 699.

It is not disputed that the proceedings on the forfeited bail bonds are civil actions. My conclusion is that the defendants are entitled to the exemptions claimed by them. Judgment will therefore be entered against the plaintiffs for the cost of the levy and contest and for the release of the property from the levy.

A like judgment will be entered in each case.