HENRY C. RADBRUCK, APPELLE, V. FIRST NATIONAL BANK
OF OMAHA, APPELLANT.

FILED FEBRUARY 13, 1914.    No. 17,530.

1. Homestead: SALE: JUDGMENT LIEN. A purchaser of a homestead
of the net value of not to exceed $2,000 takes the same free from
the lien of a judgment docketed prior to such purchase and during
the existence of the homestead right.

2. ———: CONVEYANCE: ESTATE CONVEYED. A warranty deed con-
veying a homestead, which is duly executed and acknowledged by
both husband and wife, passes all the interest of the grantors
therein, including the estate of homestead, although that par-
ticular estate is not specifically mentioned in such deed.

3. ———: ———: QUIETING TITLE: ESTOPPEL. A statement by a pur-
chaser of real estate, which at the time of purchase was a home-
stead, subsequent to his purchase of the same, to the holder of
a judgment against his grantor, that had he known of the judg-
ment he would not have purchased the property, does not estop
him from subsequently denying the validity of the judgment and
proceeding in equity to quiet his title against the same.

APPEAL from the district court for Douglas county:
HOWARD KENNEDY, JUDGE. *Affirmed.*

*Duncan M. Vinsonhaler,* for appellant.

*McGilton, Gaines & Smith,* contra.

FAWCETT, J.

Plaintiff brought suit in the district court for Douglas
county, to restrain defendant from selling lots 6 and 7,
in block 1, in Lake View Addition, in the city of Omaha,
or from levying execution thereon for that purpose, and to
quiet plaintiff's title against any and all claims of de-
fendant bank against the property described, by virtue
of a certain judgment which it had obtained against
plaintiff's grantor. The district court entered a decree
as prayed, and defendant bank appeals.

The petition alleges that plaintiff purchased the lots
in controversy August 6, 1908, from one Henry A. Wil-
son; that at the time of such purchase Wilson and his
wife and family were occupying the premises as their
homestead; that the gross value of the property was
$2,700, upon which there was a mortgage of $1,200; that

plaintiff paid Wilson for the property $1,500, which it
is alleged was the fair and full value of the property at
that time, and assumed and agreed to pay the mortgage
for $1,200; that the mortgage was executed September
17, 1906; that in the month of February, 1907, defendant
bank obtained a judgment against Henry A. Wilson in the
district court for Douglas county for $1,950; that on May
20, 1911, defendant caused an execution to be issued and
a levy to be made upon the property described; that the
property was about to be offered for sale under such
levy, to satisfy the judgment of the bank; that at the time
of the rendition of the judgment and for a long time prior
thereto Wilson, with his family, had occupied, and at
the time of the sale to plaintiff was occupying, the prop-
erty as a home and the same constituted his homestead;
that by reason of this fact the judgment referred to was
not a lien upon the property; that if the property be sold
under the execution the same will constitute a cloud on
the title. The defense relied upon here is stated by coun-
sel in his brief thus: "Plaintiff alleged that the lots in
controversy at the time of his purchase and at the time
of the judgment were the homestead of Wilson. The de-
fendant denied this and claimed that Wilson was the
only party who could make the claim of homestead, and
alleged that, before the bank issued execution and caused
the levy to be made, plaintiff had stated that, had he
known of the bank's judgment, he would never have pur-
chased the property, and that, having taken this posi-
tion, the bank altered its position in reliance thereon;
that the plaintiff was therefore estopped from claiming
that the property was a homestead, and thus shifting his
position."

The evidence is undisputed that at the time the bank
obtained its judgment Wilson, with his family, was oc-
cupying the property in controversy, consisting of two
lots, as a homestead; that he did not own any other con-
tiguous property; that the value of the property over and
above the mortgage was less than $2,000; that he con-
tinued to occupy it as a home and was so occupying it at

95 Neb. 19

the time of the sale to plaintiff; that when the sale was consummated Wilson with his family moved out, and on the same day plaintiff with his family moved in. These facts clearly establish the homestead character of the property in Wilson at the time of the sale to plaintiff. Such being the fact, defendant's judgment was not, at the time of the sale, a lien upon the property. A judgment while the premises are impressed with the homestead character is not a lien thereon, even after their sale and abandonment by the debtor. *Horbach v. Smiley*, 54 Neb. 217. A purchaser of real estate consisting of not more than two town lots, held and occupied at the time of the conveyance as the homestead of the grantor, and which do not in the aggregate exceed in value the sum of $2,000, takes the same free from the lien of a judgment docketed prior to such purchase, but during the existence of the homestead right. *Giles v. Miller*, 36 Neb. 346; *Corey v. Plummer, Perry & Co.*, 48 Neb. 481; *Bank of Bladen v. David*, 53 Neb. 608; *Hoy v. Anderson*, 39 Neb. 386.

But, it is contended in effect, the deed from Wilson and wife to plaintiff did not convey or assume to convey the homestead. The deed recites that the property described is sold "together with all tenements, hereditaments and appurtenances to the same belonging, and all the estate, title, dower, claim or demand whatsoever of the said Henry A. Wilson and Mary A. Wilson of, in or to the same, or any part thereof." Then follow the usual covenants of warranty. This deed conveyed all interest of every kind which the grantors or either of them had in the property conveyed. Comp. St. 1907, ch. 73, sec. 50. The contention that Wilson was the only party who could make the claim of homestead is not sound. All the plaintiff is asserting is, that at the time he bought the property from Wilson the bank's judgment was not a lien upon the property because of the fact that at that time and at the time the judgment was obtained Wilson had himself impressed the homestead character upon it. What Wilson may have done after selling the property

free from the lien of the judgment, in the way of establishing another home elsewhere, is immaterial.

The next contention is that plaintiff is estopped from claiming that the property was the homestead of Wilson at the time of plaintiff's purchase. This estoppel is sought to be based upon the fact that, after plaintiff had purchased the property and had gone into possession of the same, a collector for the bank called upon plaintiff, told him that he represented the bank, and asked what was done about the judgment at the time plaintiff bought the place "or what was said about it;" that plaintiff said he knew nothing of the judgment, that the representative of the loan association that held the mortgage told him that the title to the place was clear, and said to defendant's collector that he would not have bought the property had the fact of the judgment been brought to his attention. It is said by counsel that, after this statement by plaintiff, defendant, relying upon what plaintiff had said, "altered its position, incurred the cost of issuing execution, making the levy, advertising the sale, and employing attorneys to protect its interests;" and it is argued that these facts bring the case within the rule, oft repeated by this court, that, "where a party gives a reason for his decision and conduct touching anything involved in a controversy, he is estopped, after litigation has begun, from changing his ground and putting his conduct on another and different consideration." *Frenzer v. Dufrene*, 58 Neb. 432. We cannot agree with counsel that this rule has any application to the facts here. What plaintiff said, when approached by the bank's collector, falls far short of being a recognition of the validity of the judgment or a waiver of his right to dispute such validity. It amounts to no more than a declaration that if he had known of the judgment he would have avoided the possibility of his becoming involved in litigation, by refusing to purchase the property. The rule invoked does not apply.

Finding no error in the record, the judgment of the district court is                                      AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.