EMELIA MANCUSO ET AL., APPELLEES, V. STATE OF NE-
BRASKA, APPELLANT.

FILED APRIL 29, 1932.   No. 28224.

*Henry J. Beal, John W. Yeager* and *Frank H. Wood-land,* for appellant.

*Wear, Moriarty, Garrotto & Boland, contra.*

Heard before GOSS, C. J., DEAN, GOOD, DAY and PAINE,
JJ., and LANDIS and RAPER, District Judges.

RAPER, District Judge.

Emelia and Pietro Mancuso, husband and wife, own as
tenants in common two lots in Omaha, on which they
have resided as a homestead since October, 1924.   On
January 27, 1925, Pietro Mancuso, on a plea of guilty,
was sentenced by the district court for Douglas county
to serve a term of 30 days in jail and pay a fine of $500
and costs.   He served the jail sentence and was released.

The fine and costs have not been paid. The homestead owners allege these facts in their petition, and claim that the homestead is exempt from the fine and costs, and pray to quiet their title as against the apparent lien of the judgment for such fine and costs. The State of Nebraska is named as the sole defendant. No service of summons was made, but Frank H. Woodland, as attorney for the defendant, filed demurrer to the petition on the ground that the petition did not state a cause of action. The court overruled the demurrer, and entered decree that the state is barred from any claim or right by virtue of said fine and costs, from which decree the state appeals.

The sole issue is whether a judgment for a fine and costs, where the sentence is less than two years in the penitentiary, is a lien on the homestead of the convict.

The homestead law, section 40-101, Comp. St. 1929, defines a homestead and provides it "shall be exempt from judgment liens and from execution or forced sale, except as in this chapter provided." Section 40-103, Comp. St. 1929, makes homestead subject to execution or forced sale in satisfaction of judgments obtained for debts secured by mechanics', laborers', or vendors' liens upon the premises, and on debts secured by mortgages executed and acknowledged by both husband and wife or by an unmarried claimant. The homestead act was amended to read as above and the exceptions in section 40-103 were adopted in 1879. The law of 1866 provided that the homestead shall not be subject to attachment, levy or a sale upon execution or other process issuing out of any court within the territory so long as the same shall be owned and occupied by the debtor as his homestead.

Section 199, ch. 16, Laws 1866, provided: "The property, real and personal, of every person who shall be convicted * * * shall be bound, and a lien is hereby created on the property, both real and personal, of every such offender, * * * at least so far as will be sufficient to pay the fine and costs of prosecution. And it shall be the duty of the clerk * * * to issue an execution for

every fine * * * and for all costs, * * * which execution shall be delivered to the sheriff * * * and shall be by him levied on all the estate * * * which the defendant * * * possessed, as his or her own real or personal estate * * * which property, so to be levied upon, shall be advertised as in civil cases, and sold."

It is probable that under those statutes the homestead would not be exempt from fines and costs, as the homestead law was a general one and the law concerning the lien for fines is in the nature of a special provision. It was so held under similar statutes in *Enderman v. Alexander*, 68 Colo. 110, 10 A. L. R. 767. Both of these laws appear in the 1866 statutes presumably passed at the same session.

In 1873 the legislature changed the act of 1866, sec. 199, *supra*, to read as follows: "Judgments for fines and costs in criminal cases shall be a lien upon all property of the defendant within the county from the time of docketing the case by the clerk of the proper court, and judgments upon forfeited recognizance shall be a like lien from the time of forfeiture. No property of any convict shall be exempt from execution, issued upon any such judgment as aforesaid, against such convict, except in cases where the convict shall be sentenced to the penitentiary for a period of more than two years, or to suffer death, in which cases there shall be the same exemptions as at the time may be provided by law for civil cases." Laws 1873, ch. 58, sec. 524. There has been no change in this statute since 1873, and it now appears in 1929 statutes as section 29-2407.

The homestead law of 1879 does not refer to or in terms repeal the above statute.

The 1873 statute is complete in itself and is limited to special cases in favor of the sovereign state, and the homestead law is complete within itself, but of general application. It is not always easy to determine the distinction between what are general and special statutes, but in this case it seems reasonably clear that section 29-2407 should be classed as a special statute, and being by

its terms clear and positive will prevail unless the homestead act of 1879 repealed it by implication.

In *State v. Cornell*, 54 Neb. 72, this court held: "It is a firmly established rule of construction in this state that special provisions in a statute in regard to a particular subject control general provisions." And in *State v. Nolan*, 71 Neb. 136, it is stated: "Where general and special provisions of a statute come in conflict, the general law yields to the special without regard to priority in dates, and a special law will not be repealed by general provisions, unless by express words or by necessary implication."

California, in *Banks v. Yolo County*, 104 Cal. 258, states: " 'Repeals by implication are not favored. * * * This rule has peculiar force in the case of laws of special and local application, which are never deemed repealed by general legislation except upon the most unequivocal manifestation of intent to that effect.' Cooley, Constitutional Limitations (6th ed.) 182." Cases to the same tenor might be multiplied indefinitely. If both the acts can be construed by any reasonable hypothesis as valid, this should be done in order to avoid repeal. The effect of the 1879 homestead law is to be resolved by the intent of the legislature. It may be presumed that the legislature was familiar with the prior legislation, and if it intended to repeal the existing law, it would have said so. Applying the foregoing principles, we hold that section 29-2407 was not modified or repealed by the general homestead act, and is valid and in force. The appellee claims that the statute by the use of the word convict is applicable only to one convicted of a felony, while the appellee was convicted of a misdemeanor, but its plain meaning is as though it read "such convicted person." A convict is defined as one who has been tried by process of law and found guilty.

Several cases are cited from the federal courts which granted exemptions from fines and costs, but they are no assistance here. The federal law provides that judgments for fines or penalties may be enforced by execution in

like manner as judgments in civil cases are enforced, and they further hold that homestead exemption laws given by the laws of a state may be asserted against a judgment in a federal court imposing a fine, even though under state decisions the exemption does not extend to executions for torts or for fines imposed under the criminal laws of the state. *United States v. Stacey*, 155 Fed. 510. In *Allen v. Clark*, 126 Fed. 738, it is stated that, in the absence of any statute expressly providing therefor, an execution on a judgment for a fine in favor of the United States cannot be levied on defendant's homestead in Virginia, although under the state law such homestead is only exempt from contract debts, and not from judgments for torts or in favor of the commonwealth in criminal cases. Cases are also cited from Arkansas, Missouri, Kentucky, and Illinois. In none of those states are the statutes similar to ours.

It is well said in the opinion in *McClure v. Braniff*, 75 Ia. 38, which holds homestead liable for costs and attorney's fee in a prosecution for crime: "It may be that this consideration of the law will in some cases cause a loss of homestead rights, and lead to hardships; but, if so, it is beyond our control. We must interpret the law as we find it. The general assembly may have thought it better to make the homestead liable in such cases than to permit the homestead right to operate as a shield for the protection of the offender against the consequences of his wrongful acts."

It is clear that the legislative intent in enacting the statutes under consideration herein was that the public welfare would be best promoted by the enforcement of the criminal laws, and one of the most potent means of the enforcement is by fines imposed for their violation. The homestead is not exempt from execution sale for a fine and costs imposed against the owner.

The decree of the district court is reversed and the cause is dismissed at the cost of appellees.

REVERSED AND DISMISSED.