RALPH REXROAT, APPELLANT, V. STATE OF NEBRASKA
ET AL., APPELLEES.

9 N. W. (2d) 305

FILED APRIL 30, 1943. No. 31496.

*W. G. Ashford* and *Mark J. Ryan*, for appellant.

*Walter R. Johnson, Attorney General,* and *Herbert T. White, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

SIMMONS, C. J.

This is an application for an allowance of attorney's fees in a workmen's compensation case, plaintiff contending that he is entitled thereto under the provisions of section 48-125, Comp. St. Supp. 1941. Plaintiff secured an award before a single judge of the compensation court. The defendant appealed and in the district court plaintiff's claim was dismissed. Plaintiff appealed to this court with the result that we held that plaintiff was entitled to an award as made by the compensation court, and we entered an order reversing and remanding the cause with instructions to enter judgment accordingly for the plaintiff. *Rexroat v. State,* 142 Neb. 596, 7 N. W. (2d) 163.

Section 48-125, Comp. St. Supp. 1941, dealing with the allowance of attorney's fees in compensation cases is as fol-

lows: "Whenever the employer refuses payment, or when the employer neglects to pay compensation for thirty days after injury, and proceedings are held before the Compensation Court, a reasonable attorney's fee shall be allowed the employee by the court. In the event the employer appeals to the district court from the award of the Compensation Court or any judge thereof and fails to obtain any reduction in the amount of such award, the district court may allow the employee a reasonable attorney's fee to be taxed as costs against the employer and, the supreme court shall in like manner allow the employee a reasonable sum as attorney's fees for the proceedings in that court."

In *Updike Grain Co. v. Swanson,* 104 Neb. 661, 178 N. W. 618, we held that the right to tax attorney's fees in compensation cases is purely statutory.

The power of this court to grant attorney's fees in compensation cases for services rendered here is contained in the words "and, the supreme court shall in like manner allow the employee a reasonable sum as attorney's fees for the proceedings in that court."

We are of the opinion that the words "in like manner" limit the power granted and refer to the provision in the same sentence with reference to the granting of fees in the district court; and that this court shall allow fees in like manner as shall the district court, that is to say, in the event the employer appeals to this court from an award against him in the district court and fails to "obtain any reduction in the amount of such award" in this court, then a reasonable attorney's fee shall be allowed here. No other authority is granted to this court to allow fees for services here. Applying the act to the instant case we hold that where the employee appeals from the decision of the district court denying an award of compensation, and this court reverses the district court and holds that the employee is entitled to compensation under the act, the section above quoted does not authorize this court to allow the employee an attorney's fee for services here. In the instant case the employer did not appeal to this court and accordingly the

employee (plaintiff) is not entitled to an award of attorney's fees for services in this court.

The motion is

DENIED.