FLORENCE L. CANADA AND JOHN M. CANADA, APPELLANTS, v. THE STATE OF NEBRASKA AND THE COUNTY OF GOSPER, APPELLEES.

26 N. W. 2d 509

Filed March 21, 1947. No. 32161.

*Beynon, Greenamyre & Hecht,* for appellants.

*Ted R. Frogge* and *Cloyd E. Clark,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is an action by Florence L. Canada and John M. Canada, plaintiffs and appellants, against the State of Nebraska and County of Gosper, defendants and appellees, to quiet title in plaintiffs to Lot One and the north twenty-five feet of Lot Two, Block Twenty-six, Original Town of Elwood, Gosper County, Nebraska, held in joint tenancy by the plaintiffs, against the lien of a judgment in favor of the State of Nebraska for the benefit of the County of Gosper and against the plaintiff John M. Canada for $123,956.70.

The district court quieted title in favor of Florence L. Canada as to her interest in the joint estate but decreed that the interest of John M. Canada was subject to the lien of the judgment. From that part of the decree subjecting the interest of John M. Canada to the lien of the judgment the plaintiffs have appealed.

The facts in this case are not in dispute. The plaintiffs purchased the real estate in question in June 1937. It was conveyed to them in joint tenancy. It has always since acquisition been occupied by plaintiffs who are husband and wife as a homestead. Florence L. Canada has never consented that her interest should be homestead property. The value of the interest of John M. Canada does not exceed $2,000. On or about February 16, 1945, after conviction of the crime of embezzlement and in the criminal action wherein the conviction was obtained, a judgment was rendered against John M. Canada in favor of the State of Nebraska for the benefit of the County of Gosper for $123,956.70.

The plaintiffs, as grounds for reversal, contend that the court erred in decreeing that this judgment was a valid and subsisting lien against the interest of John M. Canada in this real estate. There are other assignments of error but in the light of the determination upon this one a discussion of the others is unnecessary.

In order to arrive at a determination of the questions involved it becomes necessary to examine certain statutes. The first of these is the one under which John M. Canada was charged, convicted, and sentenced and by virtue of whose terms the judgment was rendered against him. It is section 28-543, R. S. 1943, and the pertinent part is the following: "If any officer * * * charged with the collection, * * * of the public money, * * * shall convert to his own use, * * * any portion of the public money * * * every such act shall be deemed and held in law to be an embezzlement of so much of such moneys or other property as shall be thus converted, used, invested, loaned or paid out, which is

hereby declared to be a high crime. Such officer * * * shall be imprisoned in the penitentiary not less than one year nor more than twenty-one years, according to the magnitude of the embezzlement, and also pay a fine equal to double the amount of money or other property so embezzled, which fine shall operate as a judgment at law on all of the estate of the party so convicted and sentenced, and shall be enforced to collection by execution or other process for the use only of the party or parties whose money or other funds, property, bonds or securities, assets or effects of any kind as aforesaid have been so embezzled. In all cases, such fine so operating as a judgment shall only be released or entered as satisfied by the party in interest as aforesaid. * * * "

John M. Canada was an officer within the meaning of this statute and was convicted and sentenced agreeable to its terms and the judgment entered also agreeable to its terms. He was sentenced to serve a term in the state penitentiary of not less than 8 nor more than 15 years.

It will be observed that by the terms of this statute the fine operates as a judgment at law on all of the estate of the party so convicted and sentenced, and shall be enforced to collection by execution or other process, and that the fine so operating as a judgment shall only be released or entered as satisfied by the party in interest.

Section 29-2407, R. S. 1943, is the following: "Judgments for fines and costs in criminal cases shall be a lien upon all the property of the defendant within the county from the time of docketing the case by the clerk of the proper court, and judgments upon forfeited recognizance shall be a like lien from the time of forfeiture. No property of any convict shall be exempt from execution issued upon any such judgment as aforesaid, against such convict, except in cases where the convict shall be sentenced to the penitentiary for a period of more than

two years, or to suffer death, in which cases there shall be the same exemptions as at the time may be provided by law for civil cases."

By section 40-101, R. S. 1943, a homestead not exceeding in value $2,000 may be claimed. If it is in an incorporated city or village it shall consist of the dwelling and not to exceed two lots, and these shall be exempt from judgment liens, and from execution or forced sale, with certain designated exceptions not necessary to mention here. The judgment at law provided for in section 28-543, R. S. 1943, is not specified as an exception.

The parties agree that the interest of John M. Canada in the real estate in question is a homestead within the meaning of section 40-101, R. S. 1943.

The plaintiffs take the position that since John M. Canada was sentenced to serve a term of more than two years in the penitentiary and his homestead does not exceed in value $2,000 it is exempt from execution upon the judgment in question. They go further and say that it is also exempt from the lien of the judgment.

The defendants contend that section 28-543, R. S. 1943, is special and in conflict with section 29-2407, R. S. 1943, which is general, the effect of which would be to take a judgment obtained pursuant to its terms out from under the operation of 29-2407, R. S. 1943, insofar as homestead exemption is concerned. They insist that the words "which fine shall operate as a judgment at law on all of the estate of the party so convicted and sentenced" must be taken to mean that the fine shall operate as a valid judgment and a subsisting lien enforceable by execution against all real estate of the embezzler including the homestead.

It is well settled that specific statutory provisions relating to a particular subject control over general provisions and other parts of the law which otherwise were broad enough to cover the subject and that generally where there is a conflict between the two the special shall prevail. State v. Cornell, 54 Neb. 72, 74

N. W. 432; State v. Nolan, 71 Neb. 136, 98 N. W. 657; Mancuso v. State, 123 Neb. 204, 242 N. W. 430.

It is also well settled that a particular intention expressed in a legislative act, if in conflict with a general intention expressed in a later enactment, should be given effect, leaving the latter to operate only outside the former. State ex rel. Missouri P. R. Co. v. Clarke, 98 Neb. 566, 153 N. W. 623; Lee v. Lincoln Cleaning & Dye Works, 144 Neb. 659, 14 N. W. 2d 227.

We think, however, that nothing of benefit flows to the defendants from these rules. We are unable to find a conflict between the two statutory provisions when they are analyzed in the light of their context and in the light of other statutory provisions and their interpretations. We fail to observe that the provision is special in the sense claimed.

Referring first to the context, all that the provision does is to cause the fine to operate as a judgment at law on all of the estate of the embezzler, and to permit enforcement by execution or other process. No specific lien is granted and there is no suggestion in it that the right to claim the homestead exemption under the terms of section 29-2407, R. S. 1943, shall be destroyed. There is nothing in the provision to indicate that the Legislature intended anything more than that the fine should operate and have the same standing in every respect and be collectible as a judgment at law obtained in an action instituted for that purpose.

It follows then under this reasoning and under the provisions of section 40-101, R. S. 1943, coupled with the fact that John M. Canada was sentenced to serve a term of more than two years in the penitentiary, that this judgment in its relation to the homestead interest of John M. Canada must be treated the same as an ordinary judgment.

Treated in this wise it must be said that a homestead interest not exceeding $2,000 in value is exempt from any lien of the judgment and that it is free from execu-

tion or forced sale for the satisfaction of the judgment. § 40-101, R. S. 1943; Horbach v. Smiley, 54 Neb. 217, 74 N. W. 623; Goble v. Brenneman, 75 Neb. 309, 106 N. W. 440; Radbruck v. First Nat. Bank, 95 Neb. 288, 145 N. W. 715; Hess v. Eselin, 110 Neb. 590, 194 N. W. 469.

This, however, is not to say that plaintiffs are entitled to a decree quieting title to a $2,000-homestead interest in the real estate in question. They are entitled under the issues presented to a decree declaring' that such interest is and' shall be exempt from the lien of the judgment and from the levy of execution and forced sale so long as the' same shall not have been, being still owned, permanently abandoned as the homestead, and to an injunction enjoining the defendants from proceedings to enforce the judgment during such time. Corey v. Schuster, 44 Neb. 269, 62 N. W. 470.

The case of Corey v. Schuster, *supra*, is directly in point on the rights of a judgment creditor with regard to the $2,000-homestead exemption of his judgment debtor, and with regard to the rights and liabilities of the judgment debtor in relation thereto. In that case the right of the creditor was referred to as an apparent lien. The prayer was for injunction and to quiet title against the apparent lien. Title was not quieted but injunction was granted. The district court there decreed: "It is hereby ordered and adjudged by the court that such judgments be, and they hereby are, declared no liens on said real estate, and said defendants are hereby enjoined from setting up any claim to or claiming any lien on said premises by reason of their said judgments."

This court modified the decree in a manner which clearly defined the rights of the parties in that case and in a manner which defines equally well the rights of the parties to this proceeding in the following terms: "The decree of the district court will therefore be so modified as to permit the appellants to at any time move the court for a vacation of the injunction granted

in this case on showing that the Coreys, still owning the legal title to said premises, have permanently abandoned the premises as a homestead, or that said premises have appreciated in value so that the interest of the Coreys therein is of a greater value than $2,000; and as thus modified the decree of the district court is affirmed."

It follows then that the decree herein must be and is reversed and the cause remanded with directions to the district court to enter a decree declaring that the judgment in question is not a lien on the homestead interest of John M. Canada, and enjoining proceedings to enforce it as a lien against this interest, unless, while still owning it, he abandons it as his homestead, or unless, while occupying it as a homestead, it becomes of greater value than $2,000.

REVERSED AND REMANDED WITH DIRECTIONS.