ANTON SPORCIC, APPELLEE, V. SWIFT & COMPANY, A
CORPORATION, APPELLANT.
31 N. W. 2d· 404

Filed March 19, 1948.    No. 32381.

Rosewater, Mecham, Shackelford & Stoehr, for appellant.

Eugene D. O'Sullivan, Arthur J. Whalen, and Eugene D. O'Sullivan, Jr., for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

MESSMORE, J.

On motion for rehearing, this court's attention was directed to that part of the original opinion wherein an attorney's fee was allowed under section 48-125, R. S. 1943, which provides in part: "In the event the employer appeals to the district court from the award of the compensation court, or any judge thereof, and fails to obtain any reduction in the amount of such award, the district court may allow the employee a reasonable attorney's fee to be taxed as costs against the employer, and the Supreme Court shall in like manner allow the employee a reasonable sum as attorney's fees for the proceedings in that court."

The contention of the appellant is that according to the record this court, on trial de novo, fixed the date of permanent total disability of the appellee as ascertained on the date of May 26, 1945, and modified the district court's decree to read May 26, 1945, instead of May 22, 1945. Therefore, the appellant obtained a reduction in

the amount of the award and no attorney's fees would be allowable.

In Mulvey v. City of Lincoln, 131 Neb. 279, 267 N. W. 459, this court said: "In a case under the workmen's compensation law wherein the defendant appeals to the district court from the action of the compensation commissioner, and on appeal the date of commencement of payment under the award is fixed at a later date than that fixed by the compensation commissioner, such change in date of commencement of payment amounts to a reduction of the award and thus deprives the district court of the right and authority to allow an attorney's fee for plaintiff's attorney." This court made reference to the portion of section 48-125, Comp. St. 1929, as amended by the Laws of 1935, which is now section 48-125, R. S. 1943, as above set forth.

In Updike Grain Co. v. Swanson, 104 Neb. 661, 178 N. W. 618, we held that the right to tax attorney's fees in compensation cases is purely statutory. We re-affirmed this holding in Rexroat v. State, 143 Neb. 333, 9 N. W. 2d 305. See, also, Faulhaber v. Roberts Dairy Co., 147 Neb. 631, 24 N. W. 2d 571.

We are of the opinion that the words "in like manner" limit the power granted and refer to the provision in the same sentence with reference to the granting of fees in the district court; and that this court shall allow fees in like manner as shall the district court. No other authority is granted to this court to allow fees for service here. Applying the act to the instant case we hold that where the employer appeals to this court and obtains a reduction in the amount of the award, this court is without authority to allow the employee an attorney's fee for services here. See Rexroat v. State, *supra;* Faulhaber v. Roberts Dairy Co., *supra.*

We eliminate from the original opinion that part thereof that provides for an allowance of attorney's fees, and syllabus point No. 5 with reference to the same subject matter. We also modify the allowance for total perma-

nent disability subsequent to the first three hundred weeks from $12 per week to $10 per week, in conformity with section 48-121, R. S. 1943. The original opinion is adhered to as modified. The motion for rehearing, in all other respects, is overruled.

FORMER JUDGMENT AND OPINION MODIFIED.