IRA O. PEEK, APPELLANT, V. AYRES AUTO SUPPLY, APPELLEE.

44 N. W. 2d 321

Filed October 18, 1950. No. 32824.

*Armstrong & McKnight,* and *Paul P. Chaney,* for appellant.

*Fraser, Connolly, Crofoot & Wenstrand,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from an order of the district court dismissing an appeal from the compensation court because of an alleged failure to comply with section 48-181, R. S. 1943.

The record shows that appellant was injured in an automobile accident arising out of and in the course of his employment. The questions at issue on the merits are the extent of the injuries and the amount of compensation to which the appellant is entitled.

On July 9, 1948, the compensation court entered an award after a hearing before a single member of that tribunal. Appellant filed a waiver of a rehearing before the three members of the court on July 14, 1948. On July 21, 1948, appellant filed his petition on appeal in the district court. The appellee filed a waiver of the issuance and service of summons, and entered a voluntary appearance. On August 7, 1948, the appellee filed its answer, praying for the dismissal of the appeal for the reason that the notice and petition on appeal did not plainly state any error upon which appellant relied for a reversal or modification of the award of the compensation court. The appellee insists that such failure is jurisdictional and therefore fatal to the appeal under the provisions of section 48-181, R. S. 1943, which provides in part as follows: "Such appeal to the district court shall be taken and perfected in the same manner

as provided for appeals to the compensation court, and in such cases the trial in the district court shall be a trial de novo." An appeal from a single judge to the compensation court is provided by section 48-179, R. S. 1943. The applicable portion of that section provides: "Either party at interest who refuses to accept findings, order, award or judgment of the judge may, within fourteen days after the date thereof, file with the Nebraska Workmen's Compensation Court an application for a rehearing, plainly stating the errors on which such party relies for reversal or modification."

The petition filed in the district court on appeal does not plainly state the errors relied upon. It merely states the nature of the accident, the injuries incurred, the earning capacity of the appellant, and an allegation that the appellant was totally disabled. The prayer is for such relief as the appellant may be entitled to under the Workmen's Compensation Act. The record shows that an amended petition was filed on November 1, 1949, which set forth plainly the errors relied upon. The trial court permitted the filing of this amended petition, subject to a final ruling thereon at the close of the trial. The final ruling was to the effect that the assignment of errors was essential to the jurisdiction of the court, and that an amendment at a time more than fourteen days subsequent to the entry of the award in the compensation court could not lodge jurisdiction in the district court. It was for this reason that the trial court dismissed the appeal.

It will be noted that section 48-181, which provides for a waiver of a rehearing before the compensation court and for an appeal direct to the district court, specifically provides that the trial on such appeal shall be de novo. An assignment of errors is not essential to a trial de novo. Neither does it have the effect of limiting the scope of the inquiry to be made. We so held in Hansen v. Paxton & Vierling Iron Works, 135 Neb. 867, 284 N. W. 352, wherein we said: "Since the proceedings before

both the compensation court and the district court are trials de novo, the statement of errors does not limit the scope of the hearing in the district court, but merely serves to point out the questions or issues which should be given particular attention on the retrial. * * * In any event, the district court, of course, has the right to require that the issues be clarified in any necessary way, not as a matter of jurisdiction, but for purposes of orderly disposition."

It is clear, therefore, that under the holding of the Hansen case the filing of the statement of errors in an appeal from an award of a single judge of the compensation court, under sections 48-179 and 48-181, R. S. 1943, is not a jurisdictional requirement. See, also, Bell v. Denton, 136 Neb. 23, 284 N. W. 751. The foregoing holding is also consistent with the policy of liberal construction which we have long adhered to in construing the Workmen's Compensation Act. Solheim v. Hastings Housing Co., 151 Neb. 264, 37 N. W. 2d 212; Ludwickson v. Central States Electric Co., 135 Neb. 371, 281 N. W. 603.

We hold, therefore, that a failure to assign errors in the case before us is not a jurisdictional defect. It is merely a deficiency in pleading which may be waived or supplied upon demand. The trial court was in error in dismissing the appeal after the assignment of errors had been supplied by the filing of an amended petition.

The question arises whether this court should proceed to hear the case de novo or to remand it to the district court for further proceedings. The record discloses that a complete trial on the merits was had in the district court before the trial court sustained appellee's motion to dismiss. No findings of fact were made, however, and no award other than the dismissal of the appeal was entered.

An appeal from the district court to the Supreme Court in a compensation case is provided by section 48-185, R. S. 1943. This section in part states: "A judgment,

order or award of the district court may be modified or set aside only upon the grounds that (1) the court acted without or in excess of its powers, (2) the judgment, order or award was procured by fraud, (3) the findings of fact are not conclusively supported by the evidence as disclosed by the record, and if so found, the cause shall be considered de novo upon the record, or (4) the findings of fact by the court do not support the order or award."

It will be observed that a trial de novo in the Supreme Court is authorized only under the third ground set forth in the quoted statute. It is only where the findings of fact by the tribunal authorized to make their determination are not conclusively supported by evidence that this court is authorized to try the case de novo. In the case before us the district court is required to hear the case on appeal de novo, and consequently the trial court having dismissed the appeal on jurisdictional grounds, no findings of fact were made. Under such circumstances the language of the statute does not authorize a trial de novo in this court and requires that the cause be remanded to the district court for a trial de novo upon the merits.

REVERSED AND REMANDED.