DUZZENA FRANZEN, APPELLEE, V. ROY BLAKLEY, DOING BUSINESS AS CITY CAFE, ET AL., APPELLEES, STATE OF NEBRASKA, APPELLANT.

52 N. W. 2d 833

Filed April 11, 1952. No. 33147.

*Clarence S. Beck,* Attorney General, *Walter E. Nolte,* and *Clarence A. H. Meyer,* for appellant.

*Davis, Stubbs & Healey, Richard D. Wilson,* and *Cline, Williams, Wright & Johnson,* for appellees.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action to recover benefits under the pro-

vision of section 48-128, R. S. Supp., 1951, the second-injury provision of the Workmen's Compensation Act. The matter was heard before one judge of the compensation court, before the compensation court sitting en banc, and on appeal before the district court. Plaintiff prevailed. The State appeals. We affirm the judgment of the district court. Plaintiff cross-appeals asking for attorney's fees. We deny the cross-appeal.

The action was originally brought against plaintiff's employer (a cafe operator), his insurance carrier, and the State of Nebraska. Following the entry of judgment in the district court, plaintiff filed a satisfaction of the judgment insofar as it related to her employer and the insurance carrier. The issue here is between the plaintiff and the State, hereafter called the defendant. The ultimate question presented is the right of plaintiff to recover from the Second Injury Fund.

Both parties agree that the cause is here for trial de novo.

Plaintiff is a married woman. She was born in November 1893. She had a grade-school education. She became engaged in part-time gainful employment in 1935, generally doing cooking, waiting tables, and kindred work.

On December 25, 1941, in an automobile accident, she fractured her right wrist. This was not a compensable injury. Plaintiff's expert witness testified that this resulted in a permanent partial disability of her right hand of 35 to 40 percent. An expert witness called by the employer fixed the permanent partial disability of her right hand and wrist at 25 percent.

Plaintiff began to work for the defendant employer in 1946 or 1947, cooking, washing dishes, waiting tables, and whatever there was to do.

On September 21, 1949, while so employed, she fell and broke her left wrist. This was a compensable injury. Plaintiff's expert witness testified that this resulted in a permanent partial disability of 50 to 65 per-

cent. Defendant employer's expert witness fixed the percentage of permanent partial disability at 35 or 40 percent.

The plaintiff's evidence all goes to the effect that following the 1941 accident she was able to care for herself and to do her housework and the work of her employment by relying largely on her good left hand. Following the second accident she was not able to do the work of her former employment, or any other kind of work that required the effective use of her hands. She was able to do limited housework at home. She required assistance in dressing, cooking, and in much of her housework. Defendant employer's expert witness corroborated this evidence to a material extent. Plaintiff's expert, a practitioner in industrial medicine, testified in effect that because of the condition of her hands she was unemployable. We find no substantial evidence to the contrary.

Considering this evidence, the district court found that plaintiff's 1941 injury resulted in a permanent partial disability of 30 percent of her right hand, and that plaintiff's 1949 injury resulted in a permanent partial disability of 50 percent of her left hand.

The above were findings of fact made by the compensation court which the district court held were supported by the record. We agree with those findings and adopt them as our own. Disagreeing with the compensation court which found only a permanent partial disability, the district court found that plaintiff was totally disabled from earning wages in the same kind of work or work of a similar nature that she had been accustomed to perform or any other kind of work which a person of her mentality and attainments could do, and that plaintiff either in her own particular line of work, or in any other for which she would be fitted, was totally disabled. The district court further found that plaintiff was entitled to recover from the Second Injury Fund "on account of the permanent and total disability"

caused by the 1949 injury combined with the disability caused by the 1941 injury. The district court entered a judgment in accord with the findings.

The defendant contends that there was no issue of total permanent disability before the workmen's compensation court and that the district court acted in excess of its powers under section 48-184, R. S. Supp., 1951.

Plaintiff pleaded in the compensation court that she had a permanent partial disability both as to the 1941 and the 1949 injuries; that she had a permanent disability affecting both hands; and that by reason of the combination of injuries she was entitled to compensation from the Second Injury Fund. The defendant denied that the plaintiff was entitled to any recovery from the Second Injury Fund.

The evidence taken before the compensation court was offered and received as the evidence in the district court. There the defendant was shown to have cross-examined several witnesses, substantially all the questions going to the issue of whether or not plaintiff was totally disabled. It appears to have been accepted that plaintiff's disabilities were permanent.

In its petition on appeal in the district court, the defendant gave as a reason for refusing to accept the award that it allowed plaintiff recovery from the Second Injury Fund for a condition other than permanent and total disability. Plaintiff in her cross-petition on appeal alleged that the compensation court erred in not finding that she was permanently totally disabled. In its motion for a new trial defendant made no direct reference to this question. It is apparent throughout that the matter proceeded at all times on the issue of plaintiff's permanent and total disability.

We do not determine whether or not the issue was sufficiently pleaded. The applicable rule is: "Upon appeal the same cause must be presented in this court that was tried in the court below. If an issue is there tried by both parties, and without objection from either

that the issue is not sufficiently pleaded, such objection will not be considered in this court as ground for reversal." In re Application of Bruno, 153 Neb. 445, 45 N. W. 2d 178.

Section 48-128, R. S. Supp., 1951, provides in part: "If an employee receives an injury which of itself would cause only partial disability but which, combined with a previous disability other than one caused by disease, does in fact cause permanent total disability, the employer shall be liable only for the partial disability which would have resulted from the second injury in the absence of any preexisting disability, and for the additional disability the employee shall be compensated out of a special fund created for that purpose, which sum so set aside shall be known as the 'Second Injury Fund.'"

The defendant contends that there must be a finding, sustained by sufficient evidence, of "permanent total disability" before the employee can be compensated out of the Second Injury Fund. With that contention we agree.

The above provision was enacted in 1947 as an amendment to section 48-128, R. S. 1943. Laws 1947, c. 174, § 1, p. 559. Section 48-128, R. S. 1943, provided: "If an employee receives an injury, which, of itself, would cause only partial disability, but which, combined with a previous disability, does in fact cause total disability, the employer shall be liable only as for the partial disability, so far as the subsequent injury is concerned." It will be noted in the amended act that the Legislature inserted the qualifying "other than one caused by disease" as to "a previous disability," and the qualifying "permanent" as to total disability.

The title of the 1947 act in part is that it is one "to provide for the payment of compensation on account of permanent total disability resulting from second injuries * * *."

The rule is: "* * * '"* * * where the words of a

statute are plain, direct and unambiguous, no interpretation is needed to ascertain their meaning * * *." ' In the absence of anything to indicate the contrary, words must be given their ordinary meaning. It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language. Neither is it within the province of a court to read plain, direct, and unambiguous language out of a statute. If possible, the entire statute is to be applied as written." Mook v. City of Lincoln, 146 Neb. 779, 21 N. W. 2d 743.

The meaning of the statute is clear. We hold that to permit an award of compensation under the provisions of section 48-128, R. S. Supp., 1951, a claimant must in fact have a permanent total disability.

This brings us to the defendant's contention that the evidence, and the findings based thereon, do not sustain a finding of permanent total disability. Defendant argues that the disabilities here involved are scheduled disabilities under subsection (3) of section 48-121, R. S. Supp., 1951; that under that section there must be a permanent total loss of the use of both hands in order to constitute total permanent disability; and that as to subsection (3) disabilities it is immaterial whether an industrial disability is present or not present. Defendant relies upon Bronson v. City of Fremont, 143 Neb. 281, 9 N. W. 2d 218, and Paulsen v. Martin-Nebraska Co., 147 Neb. 1012, 26 N. W. 2d 11.

Defendant argues that 30 percent and 50 percent permanent partial disabilities do not add up to permanent total disability. As a matter of arithmetic, we agree. But the answer is not that easy.

The applicable rule of construction is that the Workmen's Compensation Act is to be construed liberally so that its beneficent purposes may not be thwarted by technical refinement of interpretation. Ludwickson v. Central States Electric Co., 135 Neb. 371, 281 N. W. 603; Solheim v. Hastings Housing Co., 151 Neb. 264, 37 N.

W. 2d 212; Peek v. Ayres Auto Supply, 153 Neb. 239, 44 N. W. 2d 321.

Defendant in its premise overlooks two essential matters. First, plaintiff's disability to her right hand is not, as such, a compensable injury under section 48-121, R. S. Supp., 1951. It is a fact condition which becomes material in applying the provisions of section 48-128, R. S. Supp., 1951. Second, the Legislature in section 48-128, R. S. Supp., 1951, was not undertaking to provide compensation for a previous disability other than one caused by disease, as such, but rather was undertaking to provide compensation for permanent total disability resulting from a combination of the previous fact condition with a compensable injury. Section 48-128, R. S. Supp., 1951, is a new and additional compensation provision and one designed to distribute the burden of compensation between the employer liable for the compensable injury and the Second Injury Fund.

In Elliott v. Gooch Feed Mill Co., 147 Neb. 309, 23 N. W. 2d 262, filed May 31, 1946, a few months before the 1947 legislative session, we held consistent with our previous opinions that:

"For workmen's compensation purposes, 'total disability' does not mean a state of absolute helplessness, but means disablement of an employee to earn wages in the same kind of work, or work of a similar nature, that he was trained for, or accustomed to perform, or any other kind of work which a person of his mentality and attainments could do.

"A workman who, solely because of his injury, is unable to perform or to obtain any substantial amount of labor, either in his particular line of work, or in any other for which he would be fitted except for the injury, is totally disabled within the meaning of the workmen's compensation law."

It is noted that the 1947 act was amended by the 1949 Legislature. Laws 1949, c. 161, § 2, p. 411. The Legislature did not change the language of that part of the

act here involved. Within the year before that session began our opinion was filed in Sporcic v. Swift & Co., 149 Neb. 246, 30 N. W. 2d 891. We there followed Elliott v. Gooch Feed Mill Co., 147 Neb. 612, 24 N. W. 2d 561, and held: "An employee may be totally disabled for all practical purposes and yet be able to obtain trivial occasional employment under rare conditions at small remuneration. The claimant's status in such respect remains unaffected thereby unless the claimant is able to get, hold, or do any substantial amount of remunerative work either in his previous occupation or any other established field of employment for which he is fitted."

It has long been the rule that if the words used in a legislative act had, at the time used, received a settled construction, we must presume that the Legislature adopted them in that sense. Kendall v. Garneau, 55 Neb. 403, 75 N. W. 852; Thurston County Farm Bureau v. Thurston County, 136 Neb. 575, 287 N. W. 180.

"It is to be presumed that the legislature in using language in a statute will give it the same significance that has already been accorded it by the constitution and laws of the state, unless a different meaning is provided in the enactment itself or must be drawn from its context." State ex rel. Winnett v. Omaha & C. B. St. Ry. Co., 96 Neb. 725, 148 N. W. 946.

Consistent with the findings of the trial court, we find that plaintiff has in fact a permanent total disability and is entitled to the benefits of section 48-128, R. S. Supp., 1951.

This brings us to plaintiff's cross-appeal.

In the district court plaintiff prayed for the recovery of an attorney's fee which that court denied. Plaintiff claims an award for attorney's fees in the district court and here. This claim is based upon the provisions of section 48-125, R. S. 1943, which in part provides: "Whenever the employer refuses payment, or when the employer neglects to pay compensation for thirty days after injury, and proceedings are held before

the compensation court, a reasonable attorney's fee shall be allowed the employee by the court. In the event the employer appeals to the district court from the award of the compensation court, or any judge thereof, and fails to obtain any reduction in the amount of such award, the district court may allow the employee a reasonable attorney's fee to be taxed as costs against the employer, and the Supreme Court shall in like manner allow the employee a reasonable sum as attorney's fees for the proceedings in that court."

In this case the defendant State appealed and the plaintiff cross-appealed from the award of the compensation court. Plaintiff's employer answered in the district court. The district court sustained the award as to the defendant employer.

It will be noted that section 48-125, R. S. 1943, relates to an "employer" appealing and failing to reduce the amount of the award and to the taxing of an attorney's fee as costs against the "employer." Obviously the defendant State was not plaintiff's "employer."

The right to tax attorney's fees in compensation cases is purely statutory. Faulhaber v. Roberts Dairy Co., 147 Neb. 631, 24 N. W. 2d 571; Sporcic v. Swift & Co., 149 Neb. 489, 31 N. W. 2d 404. As we said in Rexroat v. State, 143 Neb. 333, 9 N. W. 2d 305, no other authority to allow an attorney's fee is authorized.

The cross-appeal is without merit.

The judgment of the district court is affirmed.

AFFIRMED.