IN RE ESTATE OF DANIEL R. McCLEERY, DECEASED.
HOPE SUPP, APPELLANT, V. RUTH McCLEERY ALLARD,
EXECUTRIX OF THE ESTATE OF DANIEL R. McCLEERY,
DECEASED, APPELLEE.

76 N. W. 2d 459

Filed April 27, 1956. No. 33944.

*Aten & Chadderdon,* for appellant.

*Anderson, Storms & Anderson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Harlan County involving a matter arising in the county court of that county in connection with its probating the estate of Daniel R. McCleery, deceased.

The only question raised by the appeal is whether or not appellant, being a nonresident and having no actual notice or knowledge of the time fixed for the filing of claims, may, under section 25-525, R. R. S. 1943, assert a claim against the estate at any time within 5 years or, as appellee contends, must appellant bring herself within the provisions of section 30-605, R. R. S. 1943?

Daniel R. McCleery, a resident of Harlan County and the owner of real and personal property located therein, died on February 7, 1954. He left a last will and codicil thereto which the county court of Harlan County allowed and admitted to probate on March 11, 1954, appointing Ruth McCleery Allard, appellee here, as execu-

trix. Appellee immediately qualified and letters testamentary were issued to her on the same day. Thereafter, pursuant to its authority provided by sections 30-601 and 30-603, R. R. S. 1943, the county court "* * * ordered that all claims against said estate must be filed on or before July 20, 1954, or be forever barred, and that a hearing on claims will be held in this court on July 21, 1954 at 10 o'clock a. m., and that notice thereof be published in the Harlan County Journal as provided by law." Notice was published as therein directed and, on July 21, 1954, the county court entered an "Order on Claims" which contains the following: "* * * it is further ordered that all other claims against said estate not heretofore filed and allowed be and the same hereby are forever barred and held of no validity." In this respect section 30-609, R. R. S. 1943, provides in part: "Every person having a claim or demand against the estate of a deceased person who shall not after the giving of notice as required in section 30-601 exhibit his claim or demand to the judge within the time limited by the court for that purpose, shall be forever barred from recovering on such claim or demand, or setting off the same in any action whatever."

On January 26, 1955, Hope Supp, appellant here, filed an "Application for Permission to File Claim" in the county court asking therein, as amended, "* * * that the judgments, orders, and decrees of this court with regard to claims, be opened and vacated, and this applicant be granted permission to file the claim as herein alleged at this time; * * *." As a basis for such relief she claims that at all times herein material she was a resident of the State of California and present therein and not in Nebraska; that she is an elderly person (57 years of age) and a relative of the deceased (niece); that she knew of his death; that notice of the probate proceedings and of the time limited for the presentation of claims were all given by publication and in no other manner; that she relied upon her relatives to advise

her with regard to the filing of her claim; that she had no actual notice of any kind or information or knowledge of the pendency of the probate proceedings or of the time limited for the filing of claims until the latter part of November or the fore part of December 1954 and therefore not in time to permit her to file her claim within the time provided therefor; and that deceased was indebted to her in the sum of $1,100 together with interest at 6 percent from September 24, 1953, which claim she now seeks to file against the estate.

The county court denied the application. Appeal was taken therefrom to the district court for Harlan County. The district court sustained the executrix's demurrer to the petition on appeal and, from a dismissal thereof, this appeal was taken. It will be noticed the application was filed more than 3 months subsequent to the order of July 21, 1954, which barred the filing of claims thereafter.

Section 30-605, R. R. S. 1943, provides, insofar as here material, that: "Any creditor who has failed to present his claim within the time allowed, may, within three months after the expiration of such time, apply to the court for additional time for the filing and determination of his claim, and the court may, for good cause shown, allow such further time not exceeding three months, * * *."

When filed within the 3 months, as provided therein, we have said: "The jurisdiction of the county judge to permit the filing of a belated claim depends upon good cause shown. In absence of such a showing he has no discretion to grant such permission." In re Estate of Golden, 120 Neb. 226, 231 N. W. 833. The question of good cause is not here as the application was not made within time.

If made beyond that time, we said in In re Estate of Hoferer, 116 Neb. 254, 216 N. W. 826: "To give the county court jurisdiction to make an order extending the time for filing claims, the application for such order

must have been made within three months after the expiration of the time previously allowed, and then only for good cause shown."

Neither the statute nor our holdings thereunder make any distinction as to creditors based on whether or not they are residents or nonresidents of the state, or upon the fact of whether or not they had personal notice or actual knowledge of the time allowed for the filing of claims. We think none was intended.

Section 25-525, R. R. S. 1943, upon which appellant relies, provides in part: "A *party against whom* a judgment or order has been rendered without other service than by publication in a newspaper, may, at any time within five years after the date of the judgment or order, have the same opened, and *be let in to defend;* before the judgment or order shall be opened, the applicant shall give notice to the adverse party of his intention to make such application, and *shall file a full answer to the petition,* pay all costs, if the court requires them to be paid, and make it appear to the satisfiction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense; * * *." (Italics ours.)

It is clear from reading the foregoing language in relation to court proceedings that it has no relation to estate matters such as are here involved. We think the following principles apply thereto:

"In the absence of anything to indicate the contrary, words must be given their ordinary meaning." Franzen v. Blakley, 155 Neb. 621, 52 N. W. 2d 833.

"Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain their meaning." Franzen v. Blakley, *supra.*

"It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language." Franzen v. Blakley, *supra.*

There is a further principle here applicable. As early as McCann v. McLennan, 2 Neb. 286, we said that in

construing statutes: "* * * specific provisions relating to a particular subject must govern in respect to that subject as against general provisions in other parts of the law, which might otherwise be broad enough to include it." See, also, State ex rel. Douglas County v. Cornell, 53 Neb. 556, 74 N. W. 59, 68 Am. S. R. 629, 39 L. R. A. 513; State ex rel. Douglas County v. Cornell, 54 Neb. 72, 74 N. W. 432; Mancuso v. State, 123 Neb. 204, 242 N. W. 430; Lee v. Lincoln Cleaning & Dye Works, 144 Neb. 659, 14 N. W 2d 227.

And this is true regardless of which was enacted first, for as stated in State ex rel. Prout v. Nolan, 71 Neb. 136, 98 N. W. 657: "Where general and special provisions of a statute come in conflict, the general law yields to the special without regard to priority in dates, and a special law will not be repealed by general provisions, unless by express words or by necessary implication."

We have come to the conclusion that the only way a creditor can give the county court authority to make an order extending the time in which to file his claim is to make such application within 3 months after the expiration of the time previously allowed for filing claims and then only by showing good cause for doing so.

It may seem harsh to prevent appellant from filing what on its face appears to be a valid claim against an admittedly solvent estate but, as stated in In re Estate of Golden, *supra:* "The claim against the solvent estate makes a strong appeal to morality, equity and justice, but the arbitrary bar of the nonclaim statute and the peremptory order of the county court pursuant thereto apply alike to just and unjust claims."

We have come to the conclusion that the district court's action was correct and therefore affirm its holding.

AFFIRMED.