JESSIE L. AKINS, APPELLANT, V.
HAPPY HOUR, INC., ET AL., APPELLEES.

311 N.W.2d 518

Filed October 23, 1981. No. 43765.

Robert C. Wester of Schirber Law Offices, P.C., for appellant.

Hansen & Engles, P.C., for appellees Happy Hour and Aetna Ins. Co.

Paul L. Douglas, Attorney General, and John R. Thompson for appellee State.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

PER CURIAM.

The present statutes and decisions of this court do not authorize an allowance of attorney's fees in this court under the circumstances present in this case. See *Rexroat v. State*, 143 Neb. 333, 9 N.W.2d 305 (1943).

That portion of the judgment allowing an attorney's fee of $1,000 for services of the employee's attorney in this court is withdrawn.

McCOWN, J., dissenting.

Neb. Rev. Stat. § 48-125 (Reissue 1978) provides for the allowance of attorney's fees to an employee in workmen's compensation cases. The relevant portion of that statute provides: "In the event the employer files an application for a rehearing before the compensation court en banc from an award of a judge of the compensation court and fails to obtain any reduction in the amount of such award, the compensation court sitting en banc may

allow the employee a reasonable attorney's fee to be taxed as costs against the employer for such rehearing, and the Supreme Court shall in like manner allow the employee a reasonable sum as attorney's fees for the proceedings in that court."

The supplemental opinion of the majority in this case holds that where an employer initiated the appeal from an award of a judge of the compensation court and the final judgment of the Supreme Court on appeal reversed the judgment of the three-judge compensation court and affirmed the amount of the original award, the employee is not entitled to an attorney's fee in either the Workmen's Compensation Court or in this court because the employer was not the appellant in the Supreme Court. That holding fragments the appellate process in workmen's compensation cases and misinterprets the legislative intent.

No one would dispute the fact that the Legislature intended that whenever an employer initiated an appeal, either in the Workmen's Compensation Court or in the Supreme Court, and failed to obtain a reduction in the award appealed from in that court, the employee is entitled to an attorney's fee. There is no reason whatever to divide the appeal process in a workmen's compensation case and treat it as though it involved two separate cases in two different courts, each final and independent of the other. The case at bar is a graphic example of the result of such an interpretation.

In this case the Supreme Court held that the three-judge compensation court erroneously reduced the original award in a case in which the employer initiated the appellate process in the compensation court. On the continuation of the appellate process by the employee the Supreme Court has now affirmed the original award of a judge of the compensation court and that award has become the final judgment in the compensation court as well as in this court. If that final judgment had been originally entered by the three-judge compensation court and the employer had appealed that

decision to this court and our decision had been exactly as it is, the employee would have been entitled to attorney's fees in both the compensation court and in this court. Under the supplemental opinion a majority of this court has now held that the employee is entitled to no attorney's fee at all in either court. That result, in the name of stare decisis, exalts form over substance at the expense of justice.

The supplemental opinion rests on the case of *Rexroat v. State*, 143 Neb. 333, 9 N.W.2d 305 (1943). That case has been cited with approval on one or two later occasions and is now reaffirmed by the majority in the supplemental opinion. The *Rexroat* case represents an erroneous and technical misinterpretation of the legislative intent in contradiction of the requirement that the Workmen's Compensation Act must be liberally construed so that its beneficent purposes may not be thwarted by technical refinements of interpretation. The fact that almost 40 years have passed since *Rexroat* does not constitute any reasonable justification for perpetuating an unjust result. *Rexroat v. State*, and its progeny, should be overruled.

KRIVOSHA, C.J., and WHITE, J., join in this dissent.